F. M. BRADSHAW *et al.*, plaintiffs in error, *vs.* PATRICK GORMERLY *et al.*, defendants in error.

1. Where several claim cases are pending between several plaintiffs and one defendant and claimant, and one case is tried and the property found subject, and the claimant proposed to test the principle involved by bringing that case to this court, and where claimants' counsel agreed with plaintiffs' counsel in the other cases, that they should not be then tried, but await and abide the decision on the case brought here, claimant assenting in person to the agreement, and the other cases, though ready for trial, were not tried in consequence of the agreement, and where, so soon as the *remittitur* affirming the judgment below is returned and entered of record, the claimant withdraws his claims in the other cases, and the land has been sold and the proceeds in court in the hands of the sheriff:

*Held*, that the agreement, so assented to by claimant in person, is binding upon him, and the plaintiffs should have been permitted to prove it on the rule to distribute the fund.

2. If claimant had not assented in person, the agreement of his counsel, though not in writing, would have bound him, the agreement having been executed on the part of plaintiffs' counsel, and the court should have allowed and considered the proof to that effect.

3. On the rule to distribute the fund in court, it being in the nature of an equitable proceeding, and the parties being all before the court, the plaintiff should have been allowed to show that the deed from the defendant to claimant was without consideration, and intended to delay and defraud creditors, and void as against them.

4. On the before recited facts, which are substantially admitted to be true in the record, the court should have ordered the fund paid to the plaintiffs, and not to the claimant.

Practice in the Superior Court.   Contracts.   Evidence. Money rule.   Attorneys.   Claim.   Before Judge JAMES JOHNSON.   Talbot Superior Court.   March Term, 1875.

Reported in the opinion.

WILLIS & WILLIS, for plaintiffs in error.

H. L. BENNING ; PEABODY & BRANNON ; LITTLE & CRAWFORD, for defendants.

JACKSON, Judge.

Bradshaw and other plaintiffs, among them William D. Chapman, obtained judgment against William Hall; executions issued thereon, were placed in the sheriff's hands, and levied upon certain land.· Gormerly claimed the land, and the cases were all pending in Talbot superior court.   The case of Chapman was tried, and the property found subject.   Thereupon the claimant, Gormerly, resolved to bring that case to this court by bill of exceptions; and it was agreed by counsel that the other claim cases, Bradshaw's among the rest, then ready for trial, should not be tried, but should stand continued until the case brought to this court was determined, and all should abide the decision here.   Counsel for plaintiffs and for claimant all agreed to this; and claimant, Gormerly, himself stood by in person and assented thereto.   This court affirmed the judgment below, the property was sold, and the money brought into court for distribution.   Gormerly withdrew his claims in the other cases, and now claims that the money arising from the sale of the land should be paid to him and not to the plaintiffs.   On the trial of the traverse by Gormerly, of the petitions of the plaintiffs for the fund, the plaintiffs offered to prove the agreement of counsel referred to above and the assent of Gormerly thereto, which the court refused to allow.   They then offered to show that the deed of Hall to Gormerly was fraudulent and void as to them, without consideration, and a mere contrivance to defraud, hinder

and delay creditors. The court refused to permit them to do so. The errors assigned are, that the court erred in these refusals and in ordering the fund paid to Gormerly in preference to Bradshaw and the other plaintiffs in like condition. We think the plaintiffs in error right on each of these assignments of error.

1, 2. The withdrawal of the claims by Gormerly, on the return of the *remittitur* from this court, was in violation of his agreement. He himself assented to what his counsel agreed, and it would be to permit a gross fraud to allow him to repudiate his bargain after he had made it and lost the case here. If he had not assented in person, he would have been concluded by the acts of his counsel; for the agreement was executed by plaintiffs not trying but continuing their cases, and the claimant is estopped from saying that the agreement was not in writing. The plaintiffs were entitled to their verdicts on the return of the *remittitur;* and having been prevented from taking them by the act of Gormerly in withdrawing his claims, they lose no rights on the fund which is the proceeds of the land that the agreement allowed them to subject.

3. For the same reason, because of the fraudulent withdrawal of the claims, the plaintiffs were entitled, on the trial of the traverse on the money rule, to show the fraudulent transfer or deed of Hall to Gormerly. Indeed, the rule being an equitable proceeding, they would have been so entitled independently of any agreement, or the violation of any, to go into the whole fraud between the defendant and claimant on the issues made.

4. We hold, therefore, that the court erred in ordering the money, or any part, paid to Gormerly, and think just the contrary order should have been passed on the admissions contained in the record.

Judgment reversed.