HATCHER & COMPANY vs. THE NATIONAL BANK OF CHAMBERSBURG.

1. Where a plaintiff brought ten actions upon promissory notes against the same defendants in the same court, and but one defence existed as to each of them, which was the same in all the cases, it was in the discretion of the court to order a consolidation of the actions at the instance of either party, over the objection of the other; but where the plaintiff moved to have such cases consolidated, the court should have required it to pay the costs which had accrued in all the cases except one. It is directed that, if the plaintiff elect to abide by the consolidation, a judgment be entered against it for the costs accrued previously thereto in all the cases except one; but if the plaintiff should elect to withdraw from the consolidation, it is at liberty to do so.

2. Where several suits were brought by an endorsee upon promissory notes, which were consolidated into one case, there was no error in refusing to allow one of the defendants, while on the stand as a witness, to answer a question as to whether an agent of the payee, since the maturity of the notes, had not been in this State exercising acts of ownership and control over such notes, counsel for defendants declining to state that they expected to connect the plaintiff with the testimony in some way, that is, that they expected to show possession of the notes in the payee since their maturity.

3. Where negotiable promissory notes, payable some time after their date, were indorsed and suit was brought upon them by the indorsee, a presumption would arise that the plaintiff became the owner of the notes before due, and that such plaintiff would not be affected by any defence the defendants might have had to the notes in the hands of the payee.

4. Where promissory notes contained a provision that "the endorsers hereon contract as makers hereof . . and agree, as to the holder hereof, to be held liable as original makers of this note," and some of them had upon them a guaranty in these words: "For value received, I hereby guarantee the payment of the within notes," etc., signed by the defendants, this made the defendants liable to the holder as makers, and did not alter the negotiable character of the notes so as to preserve for the defendants all the defences they would have had if sued by the payee.

5. The notes sued on in this case containing a provision for ten per cent attorneys' fees, and the defendants having filed a plea that, by the laws of Pennsylvania, of which State the endorser and endorsee are residents, such a note is non-negotiable and not commercial paper, and whoever might take it would take with notice of any infirmities it might have, and it would be open to any defence that might have been made to it if the action had been brought in the name of the original payee; which plea was stricken on demurrer; and the question not having been fully argued in this court; it is directed that the court below re-instate the plea and that this be left an open question, to be determined hereafter.

6. The transcript of the record in this court showing no endorsement or guaranty from the defendants, or any endorsement by the payee to the plaintiff, upon the copies of the note made by J. S. Lavender for $337.50 and that by James M. Dawson for $378.75, and the aggregate of these amounts being included in the judgment rendered, and it being likely that the clerk of the court below omitted to copy the endorsements as they appeared on the original papers, it is not ordered that this sum be written off, but the case will go back to be tried again.

February 3, 1888.

Promissory Notes. Consolidation. Practice in Superior Court. Costs. Practice in Supreme Court. Evidence. Witness. Endorsement. Negotiable Instruments. Before Judge HARRIS. City Court of Macon. March Term, 1887.

Reported in the decision.

HILL & HARRIS; LYON & ESTES, for plaintiffs in error.

LANIER & ANDERSON, for defendant.

BLANDFORD, Justice.

The National Bank of Chambersburg, Pennsylvania,

brought ten actions in the city court of Macon against M. J. Hatcher & Co., upon certain promissory notes. The plaintiff in the court below moved to consolidate these cases, and showed to the court that but one and the same defence existed as to each and all of these actions. The court thereupon ordered the cases consolidated, without more, over objection of the defendants, the plaintiffs in error here.

1. We think it was in the discretion of the court, under the circumstances of the case, to order this consolidation, at the instance either of the plaintiff or the defendant. But, as the plaintiff made the motion to consolidate, we think the court should have put the plaintiff on terms to pay the costs in all cases, except one. That should have been a condition precedent to the granting of the order of consolidation. So we direct that the court below enter a judgment against the plaintiff (the defendant in error here), should the plaintiff elect to stand by the consolidation, for the costs accrued up to the time of the consolidation, in all the cases except one; if, however, the plaintiff should elect to withdraw from the consolidation, the plaintiff is at liberty to do so. 1 Chitty Pl. 221, and note (o); Powell vs. Gray, 1 Ala. 77; Booth vs. Payne, 1 D., N. S.; 5 Jur. 1087; 7 Jacob's Fisher's Dig. 10588.

There was a motion to continue this case, on divers grounds, which, under the view we take of the case, it is unnecessary at this time to consider.

2. At the trial, one of the defendants was introduced as a witness in behalf of himself, and among other questions propounded to him by his counsel was the question whether an agent of Taylor Manufacturing Company, since the maturity of these notes, had not been in Georgia exercising acts of ownership and control over the notes. The notes were payable to the Taylor Manufacturing Company, and were endorsed by the Taylor Manufacturing Company to the plaintiff, the National Bank of Chambersburg. The

court refused to allow the witness to answer this question, unless the defendants would state, or their counsel in their place, that they expected to connect the plaintiff with it in some way; the meaning of which, we take it, was simply this: That unless they expected to show possession in the Taylor Manufacturing Company since the maturity of the notes, the question would not be allowed. This the counsel declined to state, and the court declined to admit the testimony. We think the court was right. The simple question whether or not an agent of the Taylor Manufacturing Company had possession of these notes after the maturity of the notes, if directed to this witness, would have elicited the answer desired, or an answer the witness could have given, bearing upon the issues in this case.

3. A lengthy defence, as between the defendants and the Taylor Manufacturing Company, was set up in this case; but the notes having been endorsed to the plaintiff, and being payable some time after their date, the presumption of law is that the plaintiff became the owner of the notes before due 'and would not be affected by any defence which the defendants might have to the notes in the hands of the Taylor Manufacturing Company.

4. Some of these notes were guaranteed by the defendants, as follows: " For value received, I hereby g 'arantee the payment of the within note," etc., signed "M. J. Hatcher & Co." They contended that this guaranty could not be transferred; that it did not pass the title by endorsement, according to the law merchant; that it was non-negotiable, and therefore Hatcher & Co. were let into all the defences they would have had to the note if sued on by the Taylor Manufacturing Company. The notes are peculiar in form. They were made by persons who had purchased certain engines and machinery from Hatcher & Co. as the agents of the Taylor Manufacturing Company, were signed by these persons, and in the body of the notes it is provided that, " The endorsers hereon contract as makers hereof, . .. . and agree, as to the holder hereof, to

v-79-35

be held liable as original makers of this note." So we think that if there was a guaranty by Hatcher & Company, as above stated, (which we do not think is material,) the guaranty only made them liable as makers. Even if they were guarantors, they expressly agreed that they would be liable to the holder of the note, whoever might become the holder thereof. We think, therefore, that this guaranty did not alter the negotiable character of the notes.

5. Again, the notes had a provision in them for ten per cent. attorneys' fees; and a plea was filed by the defendants in which they alleged that, by the laws of Pennsylvania, a note containing a provision for the payment of attorneys' fees was non-negotiable; that it was not a commercial paper; and that whoever might take it would take with notice of all its infirmities if it had any; and it would be open to any defence that might be made to it if the action had been brought in the name of the original payee. This plea was demurred to, and the court sustained the demurrer and ordered the plea stricken. This raised a serious question in this case, and one which was not fully argued before us; and with the time we have been enabled to give to its consideration, we have not reached a satisfactory conclusion; so we direct that the court below reinstate this plea, and leave it an open question to be determined hereafter. The Taylor Manufacturing Company, the endorser, and the National Bank of Chambersburg, the endorsee, are both located in the State of Pennsylvania and residents thereof. The question is a very important one, and should be more fully argued and considered.

6. There is another question in the case which necessarily results in a new trial. We find, upon an examination of the record, that two of the notes which are sued upon have upon them no endorsement or guarantee from Hatcher & Co. at all, to-wit, one made by J. S. Lavender, for $337.50, and the other by James M. Dawson for $378.75, making in the aggregate $716.25, which are included in the judgment rendered in this case. It does not even appear from the

record that they were endorsed by the Taylor Manufacturing Company to the bank. This may be an error or omission of the clerk; it is quite likely that he neglected to copy the endorsements as they appeared on the original papers; how that is we do not know; but at all events the record does not show any endorsement of the notes referred to. We will not order this amount written off; but will let the case go back and be tried again. We think that a new trial should be granted.

Judgment reversed.