## BISHOP *et al. v.* MATHEWS & COMPANY.

A defendant in an action brought against him individually upon a demand for the payment of which he is individually liable can not, without showing some equitable reason for being allowed so to do, set off against the plaintiff's claim a debt due by the latter to a partnership of which the defendant is or had been a member.

Submitted December 15, 1899. — Decided January 31, 1900.

Complaint. Before Judge Lumpkin. Fulton superior court. March term, 1899.

*Slaton & Phillips* and *T. L. Bishop*, for plaintiffs in error.
*C. L. Pettigrew* and *J. D. Humphries*, contra.

LUMPKIN, P. J. Exception is taken to a judgment rendered by the judge below, who tried this case without a jury. The action was by E. H. Mathews, who, for some reason not disclosed, styled himself "E. H. Mathews & Co.," against Malvern Hill and Thomas L. Bishop, upon a promissory note, the former being sued as maker and the latter as indorser. Hill made no defense. Bishop pleaded payment, but did not prove it. His real defense consisted of an attempt to set off against the plaintiff's claim his interest in a fee alleged to be due by the plaintiff to the law partnership of Bishop & Hill, composed of the defendants, but the court gave judgment against both of them. This was right. There was no evidence that Mathews was insolvent, nor any equitable reason shown for allowing the set-off. It is in the brief of counsel for Bishop stated that Mathews "became insolvent just before the trial of this case in the court

below," but there is nothing to this effect in the record. Plainly, the action was not against the partnership. It was, as to each defendant, a suit upon a demand for which he was individually liable. Assuming that Mathews owed the firm of Bishop & Hill the fee in question, and granting that Hill's agreement, testified to by both him and Mathews, to have the amount thereof credited upon an account due by Hill to Mathews was unauthorized and ineffectual so far as Bishop was concerned, it still remains true that the demand of Mathews against Bishop upon the note and the demand of Bishop & Hill against Mathews for the fee were not mutual demands, one of which could be set off against the other. It further appeared that the partnership between the defendants had been dissolved, but there was no proof of any division of its assets or that Bishop had ever become the owner in his individual right of the whole or of any portion of the claim against Mathews for the fee. The case upon its facts is controlled by the familiar rule laid down in section 3747 of the Civil Code, that "Set-off must be between the same parties and in their own right."

<em>Judgment affirmed. All the Justices concurring.</em>