## OLIVER *v.* MILLER.

1. The holder for value of a negotiable promissory note, who receives it before due, without notice of equities between the original parties thereto, will be protected as against such equities.
2. Where there was no evidence, or offer to introduce evidence, to show notice to the holder, or reasonable ground for suspicion upon his part, that the purpose of the payee in negotiating the note was to defraud creditors, it was not erroneous to exclude testimony to the effect that the payee had expressed an intention to transfer the note in order to avoid payment of debts.

Submitted July 1, 1907.—Decided February 7, 1908.

Complaint. Before Judge Wright. Randolph superior court. November 7, 1906.

*M. C. Edwards,* for plaintiff in error.

ATKINSON, J. The plaintiff, as transferee of a negotiable promissory note, instituted suit against the maker. The note was dated June 8, 1904, and payable October 15, 1904. The indorsement recited that the transfer was made June 8, 1904. The defendant's plea denied under oath that the plaintiff was a bona fide holder for value, or that he received the note before maturity; and alleged that the plaintiff was asserting it as a fraudulent demand against the defendant. The defendant also pleaded that in 1901 Baldwin & Company obtained a judgment against the payee, and in 1905 served garnishment upon the defendant and obtained judgment against the defendant in 1905, and that defendant afterwards paid the judgment. On the trial the plaintiff introduced his note; and testified that he had money and other property besides the note, and that he received the note before maturity in consideration of the payment of its face value, and that he did not receive it in

pursuance of any design to defraud. The defendant introduced the records relating to the judgment mentioned in his plea, and certain deeds from the payee named in the note to the plaintiff, executed in 1901, a short time before the judgment in favor of Baldwin & Company, two of which were recorded before the judgment and one after the judgment. The defendant then testified and introduced two other witnesses, all of whom testified that they had never known of the plaintiff having any property, and that the payee, who was the transferer of the note sued upon, was the grandmother of the plaintiff. One of the witnesses also testified, that, at the time of the execution of one of the deeds in 1901, the plaintiff stated to him that his grandmother was executing the deed to him to avoid payment of a debt owing to Baldwin & Company, which debt was afterwards reduced to judgment, which judgment was described in the defendant's plea. No testimony was introduced to controvert the testimony of the plaintiff that the note was transferred to him before maturity, and that he paid full value therefor. No evidence was submitted tending to show that the defendant had paid the judgment rendered against him in the garnishment case. Upon the conclusion of the evidence the court directed a verdict for the plaintiff for the full amount of the note.

1. This case is controlled by the familiar rule that a bona fide holder, for value, of a negotiable promissory note, who receives the same before it is due, is protected against equities, of which he did not have notice, in favor of the maker against the payee. See, in this connection, Civil Code, §§ 3694-6; *Flournoy* v. *First National Bank,* 79 *Ga.* 810 (2 S. E. 547)`; *Hatcher* v. *National Bank,* 79 *Ga.* 542 (5 S. E. 109) *Gibson* v. *Hawkins,* 69 *Ga.* 357 (47 Am. R. 757) *Lee* v. *Johnson,* 110 *Ga.* 286 (34 S. E. 568) *Kaiser* v. *U. S. National Bank,* 99 *Ga.* 258 (25 S. E. 620). It appears that the note was due upon a date subsequent to the date of its execution; and, in addition to the presumption raised by law that the holder was a bona fide purchaser for value, there was direct and uncontradicted evidence to the effect that the plaintiff did purchase the note before its maturity, for its face value, and in good faith, without any intention to defraud. No evidence to the contrary was submitted sufficient to raise an issue upon the bona fides of the plaintiff's holding. Accordingly it was not erroneous, upon the evidence submitted, to direct a verdict for the plaintiff.

2. The court, upon objection, declined to admit testimony in evidence to the effect that Mrs. Wall, the grandmother of the plaintiff and the payee named in the note sued upon, had stated to the witness that she intended to transfer the note for the purpose of defeating payment of the judgment against her in favor of Baldwin & Company. It was not proposed to show that the plaintiff was present at the time of the statement, or that he had notice of the purpose which influenced Mrs. Wall to transfer the note, or reasonable ground for suspicion of such purpose. Unless the plaintiff participated in the fraudulent design, he would in no way be affected thereby. Unless he had notice of the fraudulent design, or reasonable ground to suspect such a design, he would not become a participant therein merely by becoming the holder of the note, duly indorsed and for full value. As there was no offer to introduce evidence connecting the plaintiff with the fraud, evidence tending to show fraud upon the part of Mrs. Wall would have been irrelevant, and the court did not commit error by refusing to admit the testimony. See, in this connection, Civil Code, §§3529, 2695 (2); *Nicol* v. *Crittenden, 55 Ga.* 497.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*