8998. TURNER v. PLANTERS CHEMICAL & OIL CO.

1. A bona fide holder of a negotiable promissory note purchased for value and before maturity is protected against the defense that the amount of the note has been paid to the original payee; and where a negotiable note payable at a future date is indorsed by the payee to the plaintiff, in the absence of proof to the contrary the law will presume that the plaintiff took the note before maturity, for value, and without notice.

2. Where an amendment to a plea is offered before an auditor to whom a case has been referred, and the amendment is treated by the auditor and both parties as having been formally allowed, and evidence in support of it is admitted without objection, and the auditor states in open court that the amendment was so filed and allowed and treated as allowed, but that through inadvertence he failed to sign it as allowed, his mere failure so to sign the amendment will not exclude it from the pleadings.

3. Under the particular facts of this case, the evidence demanding a finding for the plaintiff, the trial court did not err in rendering final judgment in its favor for the principal, interest, and attorney's fees as sued for.

DECIDED DECEMBER 14, 1917.

Complaint; from city court of Floyd county—Judge Nunnally. May 11, 1917.

The Planters Chemical & Oil Company brought suit against Turner on a note given by him on May 20, 1907, to the North Georgia Fertilizer Company, maturing December 1, 1907, and indorsed to the plaintiff before suit was filed. In his plea the defendant admitted the execution of the note, and the notice as to attorney's fees; but alleged that he had fully paid the note, before its maturity, by delivering to the holder certain promissory notes for guano sold, which were accepted by the holder as payment. By an amendment to his plea the defendant alleged, that the note in suit was a renewal note, representing a balance on a former note for $195; that the defendant had placed collateral in the plaintiff's hands to secure the former loan of $195; and that the plaintiff, without defendant's knowledge, had collected the collateral, amounting to $226.95, which was an overpayment of $31.95, and had concealed from defendant the fact that the same was collected; and defendant pleads the same as a set-off in this case. By further amendment the defendant pleaded that the plaintiff was indebted to him in the sum of $225, which plaintiff had agreed to pay defendant for procuring for plaintiff contracts for fertilizers. This latter amendment was not formally allowed by the court or the auditor to whom the case was referred; but by the bill of exceptions it appears that the auditor, being present at the trial, stated to the court that the amendment was used on the hearing before him, but by inadvertence he failed to sign it as allowed. The issues formed by the petition and the answer as amended appearing to involve a complicated account between the parties, the court, on October 6, 1911, referred the case to an auditor. On April 9, 1917, the auditor made a report of his findings of fact and of law, in which he found for the defendant and against the plaintiff the sum of $256.95 principal, and $187.98 interest. To this report the plaintiff excepted on numerous grounds, which, together with the evidence heard by the auditor, appear in the opinion, infra. The defendant made a motion to dismiss these exceptions, which the court overruled, and then rendered final judgment in favor of the plaintiff against the defendant for the principal amount sued for, together with interest, attorney's fees, and costs. To this judgment Turner excepted.

*Harper Hamilton, F. W. Copeland,* for plaintiff in error.

*Nathan Harris,* contra.

31

HARWELL, J. ˙ (After stating the foregoing facts.) The last amendment offered by defendant to his plea of set-off was not marked "allowed" by the auditor. However, the auditor and both parties considered it as allowed, and evidence in its support was introduced without objection. The auditor stated in open court that the amendment was used on the hearing and treated as allowed by him, but by inadvertence he failed to sign it as allowed. Since this amendment was treated as allowed, and was really allowed by the auditor though not so signed, and evidence was without objection introduced in support of it before the auditor, we are inclined to treat it as a part of the pleadings. It has been held that even after the report of an auditor such an amendment could be offered and allowed, in order to make the pleadings conform to the evidence heard by him. *Cureton* v. *Cureton,* 120 *Ga.* 559 (2) (48 S. E. 162) ; *First State Bank* v. *Avera,* 123 *Ga.* 598 (2) (51 S. E. 665). However, the evidence heard by the auditor in support of this plea of set-off was not sufficient to sustain the plea. Even if some of the evidence tended to show that the North Georgia Fertilizer Company was indebted to Turner for fertilizer sold by it to the Farmer's Union through Turner as agent (which is not passed upon), there is no evidence to show any liability upon the part of the Planters Chemical & Oil Company for this debt.

Neither is the plea that the plaintiff as transferee took this note with notice of its payment, if in fact it had been paid, sustained by the evidence before the auditor. The note having been indorsed to the plaintiff, the holder thereof, the law presumes that the plaintiff took it before maturity, bona fide, and without notice of its payment. Civil Code (1910), § 4288; *Haug* v. *Riley,* 101 *Ga.* 373 (4), 386 (29 S. E. 44, 40 L. R. A. 244) ; *Wade* v. *Elliott,* 11 *Ga. App.* 646 (2), 648 (75 S. E. 989) ; *Oliver* v. *Miller,* 130 *Ga.* 72 (60 S. E. 254) ; *Butler* v. *First National Bank,* 13 *Ga. App.* 35 (3) (78 S. E. 772). There is no evidence to rebut this presumption; and hence the Planters Chemical Company is presumed to have been an innocent purchaser of the note, before maturity, and not subject to any equities that may have existed between the North Georgia Fertilizer Company, the original payee, and Turner, the maker. For these reasons we think the evidence demanded a verdict for the plaintiff for the amount of the note, and for attorney's fees.

As to the point, insisted on by the plaintiff in error, that the court should have submitted the matter to a jury: It appears from the record that when the auditor's report was returned, counsel for both parties agreed in writing "that it is not necessary that said cause shall be re-referred, but that said cause shall *be tried before the court*," etc. The order of the judge recites that "exceptions of law in the above-stated case coming on regularly to be heard before me, after hearing arguments and considering the pleadings, the evidence, the report, and everything filed in said case, it is ordered," etc. No exceptions of fact were filed by either party. It would seem, therefore, that having tried the matter before the judge without objection being raised, the plaintiff waived any right of trial by a jury, if any such existed. Moreover, it has been held that when exceptions of fact are filed and the evidence demands a certain finding on one of the issues, a new trial will not be granted because the trial judge did not submit that issue to a jury. This is upon the same principle that a new trial will not be granted for erroneous rulings of the trial court where the evidence demands the verdict. *Mason* v. *Commissioners*, 104 *Ga.* 35 (2), 40 (30 S. E. 513). There being no issue of fact, and a finding against the defendant being demanded by the evidence, the court did not err, under the particular facts of this case, in entering up final judgment against the defendant for the principal of the note, and for interest and attorney's fees.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*