### 10467. METCALF *v.* PEOPLES GROCERY CO.

LUKE, J. Non-residence of a plaintiff who submits himself to the jurisdiction of the courts of this State affords equitable ground for the filing by the defendant of a plea of set-off. See *Hecht* v. *Snook & Austin Co.,* 114 *Ga.* 921 (41 S. E. 74), and cit.

(a) In a suit by an individual upon an open account due him the debtor cannot set off a claim due by a corporation or partnership of which the individual creditor is a member. The cross-demand lacks mutuality. Civil Code (1910), §§ 4340, 4341, 5668. It is well settled that a debt due by a partnership cannot be set off against a debt due by a third person to one of the firm. The firm and its individual members are different contractors; each is, in the eye of the law, a separate person. The rule is not different in equity. See *West* v. *Kendrick,* 46 *Ga.* 527; *Kinard* v. *Sanford,* 64 *Ga.* 630-632 (2); *Dalton City Council* v. *Dalton Manufacturing Co.,* 33 *Ga.* 243.

(b) The mere fact that the plaintiff and the partnership debtor of the de-

fendant are non-residents does not amount to such a "special equitable circumstance" as will take the case out of the general rule and authorize an equitable set-off. See *Ingram* v. *Jordan*, 55 *Ga.* 357 (4).

2. D. D. Metcalf, trading as Metcalf Manufacturing Company, sued the Peoples Grocery Company on an open account. The defendant answered, among other things, that "said D. D. Metcalf (plaintiff) is a member of a partnership known as Holt Milling Company, of Nashville, Tenn., of which partnership D. D. Metcalf and W. P. Holt are members, and were members on the 4th day of June, 1917, neither firm nor members having any property or place of residence in said State, but entirely without its jurisdiction." The remainder of the plea and answer alleges a claim against the Holt Milling Company for damages growing out of a breach of contract between the Holt Milling Company and the defendant. There is no allegation therein of insolvency of the Holt partnership, nor is any fact recited which shows mutuality of the cross-demand, but the allegations are merely as to the non-residence of the plaintiff and of the other partnership of which he was incidentally a partner. The court erred in overruling the demurrer to the defendant's plea of set-off, and the subsequent proceeding were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 7, 1920.

Complaint; from Crisp superior court—Judge Gower. February 8, 1919.

*E. F. Strozier,* for plaintiff.     *M. M. Eakes,* for defendant.