## 18757.   OLIVER *et al. v.* GODLEY.

DECIDED MARCH 27, 1928.

68

*Robert J. Travis, John Z. Ryan, Oliver & Oliver,* for plaintiffs in error.

*Hester & Lewis,* contra.

BELL, J. (After stating the foregoing facts.)

■ Irrespective of whether the plea of set-off would have stood without the aid of the agreement between the attorneys, we think the agreement was such that it should have been enforced, and that in view of it the plea should not have been stricken. Rule 19 of the superior court (Civil Code of 1910, § 6278) provides that "No consent between attorneys or parties will be enforced by the court,

unless it be in writing, and signed by the parties to the consent, where such consent or agreement is denied by the opposite party." While this rule may not be strictly applicable under the facts of this case, it seems to have been invoked by counsel for the plaintiff in the court below and to have formed the basis of the court's ruling. Assuming that the rights of the defendants should have been gauged by this rule, an oral agreement is not necessarily excluded from the provisions thereof; on the other hand, an agreement between attorneys, acting within the scope of their authority, will be binding even though it is not in writing, where it is not denied by the opposite party and where, as here, it appears to have been executed to the detriment of the party invoking it. While the agreement relied on in this case was not in writing and while there may be a difference between counsel as to the construction to be placed upon the words which passed between them, there is in reality no dispute as to what was said. According to the statement of Mr. Hester, he agreed that if the attorneys for Oliver & Oliver would dismiss the suit previously filed against Godley, his firm would dismiss the plea in abatement which they had lodged in behalf of the plaintiff against the plea of set-off filed in the present case by E. J. Oliver and F. M. Oliver, and "would try it all together." Such was the understanding as disclosed in open court, and there is no issue of veracity or of fact regarding it. It is also undisputed that the agreement was executed by the dismissal of the Oliver suit and by the withdrawal of the plea in abatement to the plea of set-off. It is contended by the attorneys for Godley that the agreement could not have been taken as an admission of the sufficiency of the plea of set-off, or as a waiver of its insufficiency, and therefore constituted no obstacle to their subsequent oral motion to strike the plea upon the ground that the claim made therein was not a proper matter of set-off. We can not agree with this construction. With the original suit of Oliver & Oliver against Godley out of the way, the agreement to "try it all together" clearly contemplated that the issues made in the plea of set-off would be tried upon their merits in the suit of Godley. There was no contention that the plea of the defendants failed to allege a cause of action against the plaintiff, but the sole insistence was that the cause pleaded was not a proper matter of set-off. The plea unquestionably alleged an enforceable debt in favor of the defendants

as a firm against the plaintiff, and whether it could be set up for the purpose of preventing a recovery by the plaintiff was a question more of technicality than of substantial right. The motion to strike the plea upon the ground stated had the purpose of eliminating the only issue raised by the defendants and of leaving the plaintiff's suit undefended. Thus the claims of the respective parties would be disposed of separately as matters of law, whereas, according to the agreement, they were to be tried "all together." Such a trial could be had only by allowing the plea to remain of file and trying the issues thereof as matters of fact in connection with the plaintiff's suit. The motion to strike was inconsistent with the previous agreement as indisputably established by the statements of counsel, and, the agreement having been executed, we think the court erred in not holding the parties to it. Whether the court, under rule 19, should enforce an undenied parol agreement between counsel which is purely executory need not be decided in the present case.·

In *Bradshaw* v. *Gormerly,* 54 *Ga.* 557, several executions in favor of different plaintiffs were levied upon certain land as the property of the same defendant, and the same person filed separate claims. One of the claim cases was tried and the property was found subject. Thereupon the claimant determined to carry that case to the Supreme Court, and it was agreed by counsel that the other cases then ready for trial should be continued and abide the decision of the Supreme Court in the one case carried up. The judgment of the lower court was affirmed, the property was sold, and the proceeds were in order for distribution. The claimant then withdrew his claims in the cases that were continued and sought to have the money arising from the sale of the land paid to him and not to the plaintiffs. On the trial of the money-rule the plaintiffs offered to prove the agreement of counsel and the assent of the claimant thereto, and the court refused to allow them to do so. The fund was awarded to the claimant and the plaintiffs excepted. The Supreme Court, in ruling that the withdrawal of the claims by the claimant was a violation of his agreement, said: "He himself assented to what his counsel agreed, and it would be to permit a gross fraud to allow him to repudiate his bargain after he had made it and lost the case here. If he had not assented in person, he would have been concluded by the acts of his counsel; for the agreement was executed by plaintiffs not trying but continuing their

cases, and the claimant is estopped from saying that the agreement was not in writing."

In *Seals* v. *Stocks,* 100 *Ga.* 10 (30 S. E. 278), the controversy was in relation to the effect of an order procured by the plaintiff dismissing an action of bail-trover in which the bond had been given by the plaintiff. It was insisted by the plaintiff that the suit had been dismissed with the understanding that the only effect would be a mere failure to recover in the action, while the defendant contended that because of such dismissal he was entitled to a judgment against the plaintiff and his sureties on the bond. In the opinion of the Supreme Court it was said: "While there was no agreement in writing which the court could enforce as such, there evidently was a definite understanding as to the legal effect of an order of court which the plaintiffs' counsel, as a result of the conference had with counsel for the opposite party, caused to be entered under the honest belief that the latter consented thereto. It is true that Rule 20 [now Rule 19] of the superior courts declares: 'No consent between attorneys or parties will be enforced by the court, unless it be in writing and signed by the parties to the consent, where such agreement is denied by the opposite party.' But it was held in *Bradshaw* v. *Gormerly,* 54 *Ga.* 557, 559, that though such an agreement rested wholly in parol, yet, if acted upon in good faith and partly executed by one of the parties thereto, the opposite party would be estopped from saying that the agreement was not in writing. It is clear that counsel for the plaintiffs would not have procured the order in question to be entered but for the fact that he relied upon what he believed to be a distinct understanding and agreement between himself and opposite counsel that such order should operate as a final disposition of the case; and having acted upon and fully executed this agreement, it is binding upon the defendant as effectually as though it had been reduced to writing and signed by his counsel. It makes no difference that, owing to a misconception of the legal effect of the order, the end in view failed of accomplishment. This result grew out of the mutual mistake of counsel as to a matter of law, viz.: as to how their agreement could be legally carried into effect. It would be manifestly unfair to allow one of the parties to profit thereby, deriving an advantage not contemplated by the agreement as actually made. Indeed, our code distinctly recognizes the equitable principle

that relief from consequences of a mistake of law will be granted where, through a misconception on the part of both parties to an agreement, the language employed to express the same has a different legal meaning from that contemplated, and 'operates as a gross injustice to one' of the parties, 'and gives an unconscientious advantage to the other.' Civil Code, § 3979 [Code of 1910, § 4576]." See further, in this connection, *Johnson* v. *Wright,* 19 *Ga.* 509; *Johnson* v. *Ga. Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (94 S. E. 850).

While in the foregoing discussion we have proceeded upon the assumption that the case should be determined under Rule 19 of the superior courts, and have cited cases from the Supreme Court which apparently would justify this view, the case of *Beverly* v. *Flesenthall,* 142 *Ga.* 834 (83 S. E. 942), makes it doubtful whether the rule is really applicable. Here, as in the *Beverly* case, the controlling principle would seem to lie not in the rule of court, but in the equitable rule of estoppel. In that case the Supreme Court said: "The case does not depend upon the rule of court that agreements between counsel in regard to matters of practice in the case must be in writing in order to be enforceable, but upon the question of whether the plaintiff acted upon certain statements and assurances as to the dismissal of suits, so that it would operate upon her as a fraud to take advantage of the fact that she did not file pleas in due time." In this view, it perhaps would have been more logical for the defendants to have alleged the facts touching the agreement in an amendment to the answer and to have submitted proof thereof in the trial of the main issue as formed by the plea. But since there was no objection to the procedure by which the defendants attempted to resist the motion to strike, and since the pleadings and the evidence in relation to the agreement were as a matter of law sufficient to let in the plea of set-off, and, the plea having thus been improperly stricken, it is immaterial whether the issues in regard to the agreement were submitted to the court rather than to the jury. *Turner* v. *Planters Chemical Co.,* 21 *Ga. App.* 480 (2) (94 S. E. 616). In any view, the counsel having agreed that the issues as made in *Godley's* suit upon the note and in the plea of set-off filed by the defendants should all be tried together, and the agreement being one which they were authorized to make (*Commercial Union Assurance Co.* v. *Chattahoochee Lumber Co.,* 130 *Ga.* 191, 60 S. E. 554; *Bryant* v. *Elberton*

& *Eastern Ry. Co.,* 20 *Ga. App.* 586 (2), 93 S. E. 219), it was not permissible for the plaintiff's attorneys to withdraw from the stipulation after the defendants had acted upon it to the extent of dismissing the suit which they had previously filed against Godley upon the account.

It is plain that the suit of Oliver & Oliver against Godley would not have been dismissed if it had been thought by counsel or parties in that case that the plea of set-off in the other case would thereafter be put in jeopardy by a motion to strike. And we can not assent to the proposition that the dismissal of the suit against Godley at the expense of the plaintiffs therein constituted no loss or damage to them, even assuming it be true, as asserted by counsel for Godley, that there is nothing to prevent the partnership from bringing another action for the subject-matter of the set-off.

Moreover, we are of the opinion that, independently of all extraneous considerations, the plea of set-off was good. It is true that if Godley had sued only one of the indorsers, the defendant could not have pleaded as a set-off the claim of the partnership of which he was a member. Such a plea would have involved the right of a stranger to the action, whose consent to such use of the partnership claim could not have been assumed. *Bishop* v. *Mathews,* 109 *Ga.* 790 (35 S. E. 161) ; *Dalton City Co.* v. *Dalton Mfg. Co.,* 33 *Ga.* 243; *West* v. *Kendrick,* 46 *Ga.* 526; *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597) ; *Metcalf* v. *Peoples Grocery Co.,* 24 *Ga. App.* 663 (101 S. E. 768) ; *Nellis* v. *Green,* 36 *Ga. App.* 684 (2) (137 S. E. 843), and cit. In *Bishop* v. *Mathews,* supra, while both members of the partnership were sued, only one answered or attempted to plead a set-off and there was nothing to show the consent of the other partner thereto. In the instant case, however, the suit was upon a note in which the obligation was joint, even though at the same time several, and the plaintiff elected to bring a joint action. The individual defendants were the same persons, and all the persons who composed the partnership whose account against the plaintiff was pleaded as a set-off and joined in pleading it. All parties to both claims were before the court as parties to the issue, and no right of any other person appears to be infringed. Between the parties themselves any mutual demands existing at the commencement of the suit may be set off. Civil Code (1910), § 4340. Set-off must

be between the same parties and in their own right. If originally otherwise, but at the commencement of suit equitably within this rule, they may be set off. Civil Code (1910), § 4341. We think the claim attempted to be set off in this case was such as to meet every test of these sections, and thus that the plea was good as against the motion to strike. Compare *Youmans* v. *Moore,* 11 *Ga. App.* 66 (3) (74 S. E. 710); *McAllister* v. *Millhiser,* 96 *Ga.* 474 (2) (23 S. E. 502); Fralick *v.* Cœur D'Alene Bank & Trust Co., 35 Idaho, 749 (208 Pac. 835, 27 A. L. R. 110), and cit. in note; 34 Cyc. 738.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*