49538. SECURITY MANAGEMENT COMPANY, INC.
et al. v. KING et al.

WEBB, Judge.

D. Kimbrough King brought suit on a promissory note in the Civil Court of Fulton County against Security Management Company, Inc., as maker, and Bruce R. Davis, Security's president and chairman of the board, as unconditional guarantor. In a similar but separate suit, K. Alton Conway sued defendants on a separate note executed to him. Plaintiffs also instituted pre-judgment garnishment proceedings in their respective suits. Each plaintiff moved for summary judgment in each case, and the trial court granted both motions in separate orders. Since the motions were heard together, defendants bring this joint appeal from both orders pursuant to Code Ann. § 6-811. *Held:*

1. (a) The defendants' motions to dismiss the garnishment, the bond to dissolve garnishment, etc., "on the grounds that those provisions of *Georgia Code Annotated* Sections 46-101, 46-102, and 46-401, which permitted pre-judgment garnishment are un-constitutional in that they violate the Fourteenth Amendment by depriving defendants of property without due process of law" (emphasis supplied), fail to raise a constitutional issue. *Stegall v. Southwest Ga. Housing Authority,* 197 Ga. 571, 582 (30 SE2d 196); *Morgan v. Todd,* 214 Ga. 497, 499 (106 SE2d 37); *Bowen v. State,* 215 Ga. 471, 472 (111 SE2d 44); *Mallard v. State,* 220 Ga. 31 (136 SE2d 755); *CTC Finance Corp. v. Holden,* 221 Ga. 809, 811 (147 SE2d 427); *Holmes v. State,* 224 Ga. 553, 558 (163 SE2d 803); *Widemon v. Burson,* 224 Ga. 665 (164 SE2d 128); *Cox v. Burson,* 226 Ga. 13 (172 SE2d 406); *Turk v. State Hwy. Dept.,* 226 Ga. 245, 246 (174 SE2d 791). Since the trial court refused to rule upon the motions, the constitutional issue is not raised within the ruling made in *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 231 Ga.

260 (201 SE2d 321). Our appellate courts have no original jurisdiction and will decide no question on appeal not clearly presented to and passed upon by the trial court. *Turk v. State Hwy. Dept.,* 226 Ga. 245 (1), supra. Consequently no constitutional issue is involved, and this court has jurisdiction of the appeal.

(b) Defendants enumerate as error the refusal of the trial court to rule upon the motions. No harmful error appears, however, since the court would have been bound to follow the ruling in *Di-Chem,* supra, holding the garnishment statutes constitutional, rather than a contrary holding in Morrow Electric Co. v. Cruse, 370 FSupp. 639 (D. C. Ga.). "[W]hile the decisions of the United States Supreme Court are binding upon our Georgia appellate courts (citations omitted), those of other Federal courts are not binding upon the Georgia appellate courts. [Citations omitted.]" *Dodd v. Newton,* 122 Ga. App. 720, 723 (178 SE2d 567).

2. (a) "Set-off must be between the same parties and in their own right. If originally otherwise, but at the commencement of suit equitably within this rule, they may be set off. Thus a claim against a partnership may be set off against a surviving partner in a suit brought in his own right; and a debt due to a principal may be set off in a suit against principal and surety." Code § 20-1303. "A defendant in an action brought against him individually upon a demand for the payment of which he is individually liable can not, without showing some equitable reason for being allowed so to do, set off against the plaintiff's claim a debt due by the latter to a partnership of which the defendant is or had been a member." *Bishop v. Mathews & Co.,* 109 Ga. 790 (35 SE 161). Conversely, "In a suit by an individual on an unpaid note executed by the defendant and payable to the individual plaintiff, the defendant debtor cannot set off a claim due the defendant by a partnership of which the plaintiff is a member, in the absence of special circumstances which would authorize an equitable set-off." *Kennedy v. Schultz,* 105 Ga. App. 522 (125 SE2d 87). "In a suit by an individual upon an open account due him the debtor cannot set off a claim due by a corporation or partnership of which the individual creditor is a member.

The cross-demand lacks mutuality. [Citations omitted.] It is well settled that a debt due by a partnership cannot be set off against a debt due by a third person to one of the firm. The firm and its individual members are different contractors; each is, in the eye of the law, a separate person." *Metcalf v. Peoples Grocery Co.,* 24 Ga. App. 663 (a) (101 SE 768).

(b) The papers submitted by each plaintiff in his motion for summary judgment in the two suits tend to show that defendants were attempting to set off against each note payable to each individual plaintiff debts due defendants by a corporation in which each plaintiff owned an interest. The defendants' answers and the affidavit of defendant Davis submitted by them in opposition to each motion show affirmatively that the claims sought to be set off were due them by a partnership of which each plaintiff was a member. Under either version, whether corporation or partnership, set-off was not available to defendants under the above authorities. Equitable set-off is not involved here and would be beyond the jurisdiction of the Civil Court of Fulton County. *Autry v. Palmour,* 124 Ga. App. 407 (1) (184 SE2d 15) and cits.

*Oliver v. Godley,* 38 Ga. App. 66 (142 SE 566), relied upon by defendants, does not require a different result. In that case defendants, who were sued jointly as accommodation indorsers upon a joint and several note, and who were the only members of a partnership, joined in pleading as set-off a debt due by the plaintiff to the partnership. While the plea of set-off was allowed under those circumstances, this court held: "It is true that if [plaintiff] had sued only one of the indorsers, the defendant could not have pleaded as a set-off the claim of the partnership of which he was a member." The instant appeal arises from two separate suits brought by the respective payees of two separate notes, and as to each of these suits it cannot be said, as it was in *Oliver,* that "All parties to both claims were before the court as parties to the issue . . ." 38 Ga. App. 66, 73, supra.

(c) The tender made by defendants was based upon the calculation of the set-off which was not available to them, and was hence insufficient. Code § 20-1105.

3. In the affidavit submitted by defendants, the attorney fees notice, attached to the affidavit as an exhibit, is acknowledged to have been received on May 16, 1973, and their contention of "no notice" in this appeal is patently without merit.

4. The record discloses that there was no genuine issue as to any material fact, and the trial court correctly granted summary judgment to both plaintiffs.

5. The motion to award 10% damages pursuant to Code § 6-1801 is denied. *Phoenix Ins. of Hartford v. Weaver,* 124 Ga. App. 423 (3) (183 SE2d 920); *Byers v. Lieberman,* 126 Ga. App. 582, 585 (191 SE2d 470).

*Judgments affirmed. Bell, C. J., and Pannell, P. J., concur.*

ARGUED JULY 9, 1974 — DECIDED SEPTEMBER 4, 1974 — REHEARING DENIED SEPTEMBER 20, 1974 — ■

*Rose & Stern, George S. Stern, Benjamin Landey,* for appellants.

*Alex McLennan, Scott Hogg,* for appellees.