## ZACHRY *vs.* ZACHRY.

1. Where a *fi. fa.* is claiming money in the hands of a sheriff, no order is necessary to withdraw it in order to make another levy.
2. The variance between a *fi. fa.* and the judgment on which it is founded must be material, in order to be good as a ground of illegality.
3. A mere general allegation that a levy is excessive, with no facts showing such excessiveness stated, is not good as a ground of illegality, no disproportion between the *fi. fa.* and the property on which it is levied being apparent.
4. That the land levied on does not belong to the defendant is no ground for an affidavit of illegality.
5. The description of the lots levied on in this case was by the number of acres, the number of the lots, the number of the district, and name of the county, both as formerly and also as at present constituted, and was sufficient.
6. The bill of exceptions in this case being apparently sued out for delay only, ten per cent. damages are awarded.

Illegality.    Executions.    Practice in Superior Court. Levy and Sale.    Practice in Supreme Court. Before Judge STEWART.    Rockdale Superior Court.    February Adjourned Term, 1881.

Reported in the decision.

A. C. McCALLA, for plaintiff in error.

JNO. J. FLOYD, for defendant.

CRAWFORD, Justice.

1. This case arose upon an affidavit of illegality which was filed by A. B. Zachry to an execution against him in

favor of Mattie J. Zachry. The first ground taken was, that certain property of his had been previously sold under this *fi. fa.*, and that the funds arising from said sale were before the court for distribution under the claim of older and other judgment liens, which had been returned to the court; that the said *fi. fa.* had been taken and re-levied without an order of the court.

The only return which is necessary to be made of an execution to claim money in the hands of the sheriff, is to deposit with him the *fi. fa.* It is insisted, however, that the same rule which governs claim cases is applicable to this, and that to make another levy an order of the court, withdrawing the execution, is necessary. We cannot so hold. Where a claim to the property levied is interposed, the law makes it the duty of the sheriff to *return the execution*, with the claim papers, to the proper court, that the right of property may be decided. But no such return is required where the sheriff holds several *fi. fas.*, contesting with each other for the money in his hands; so that simply being in his hands with others to claim money, is no legal reason why an order of the court is necessary to proceed with it, if there be nothing else in the way.

2. The second ground is, that the *fi. fa.* does not follow the judgment, in this, that the judgment is against A. H Zachry and L. H. Zachry, and the *fi. fa.* against A. H. and L. H. Zachry. The difference between the judgment and the *fi. fa.* must be material, otherwise it will be held good. The materiality here is not apparent.

3. The third ground is, that the levy is excessive. There are no facts set out, and no reason given why the levy is excessive. The *fi. fa.* being for about $1,000.00, besides the accumulating interest, and the quantity of land not appearing to be more than sufficient to bring the amount, we see nothing illegal in the levy on this ground.

4. The fourth ground is, that the land levied upon is not the land of the defendant. If that be so, it is a matter about which he need give himself no concern, but al-

low the real owner to protect, in the proper way, his own property from an improper sale.

5. The fifth ground is, that the levy does not properly describe the land. The land is described by the number of acres, the numbers of the lots, the number of the district, and the name of the county in which it formerly was, as well as that in which it now is. If there be any misdescription in any way, it should have been set out; none appearing, the levy is correct.

6. The defendant in error insists that the writ of error in this case was sued out for delay only, and that damages should be given to the plaintiff below. This seems so manifest to us, that we cannot refuse to recognize the right of the plaintiff in *fi. fa.* to have the same awarded, and the judgment is therefore affirmed, with ten per cent. damages to be entered in the remitter, and recovered of the said plaintiff in error.

Judgment affirmed, with ten per cent. damages.