### MOORE *v.* O'BARR.

1. Where to levy on land of an execution against husband and wife, issued from a justice's court, the husband interposed an affidavit of illegality on the ground that the land had been set apart to him as a homestead, the affidavit should have been returned for trial to the justice's court whence the execution issued. The title to the land not being involved, the superior court had no jurisdiction. Therefore, the affidavit having been returned to the superior court, and the trial having resulted in a verdict in favor of the plaintiff in execution and a judgment ordering that the same proceed, and to a fresh levy the wife having interposed her claim on the ground that the land had been set apart to her husband as a homestead for the benefit of herself and of her minor children, she was not bound by the judgment rendered on the trial of the illegality. (R.)

2. The jurisdiction was not waived by the participation of the husband in the trial of the illegality, so as to estop the wife, as claimant, from making the question. (R.)
May 8, 1891.

Jurisdiction. *Res adjudicata.* Waiver. Judgments. Estoppel. Before Judge HUTCHINS. Franklin superior court. September term, 1890.

Reported in the decision.

McCURRY & PROFITT, for plaintiff.

J. B. PARK and J S. DORTCH, by brief, for claimant

Simmons, Justice.

The record in this case discloses that Moore obtained a judgment against Asa O'Barr and E. E. O'Barr, in a justice's court. Execution was issued thereon and levied on a certain tract of land. Asa O'Barr filed an affidavit of illegality to this execution, upon the ground that the land had been set apart to him as a homestead. The affidavit of illegality was returned to the superior court of the county, and on the trial thereof in that court, the jury returned a verdict in favor of the plaintiff in *fi. fa.*, and the judge entered a judgment ordering the *fi. fa.* to proceed. The land was again advertised for sale, and Mrs. E. E. O'Barr, the wife of Asa O'Barr, filed her claim thereto, on the ground that it had been set apart as a homestead to her husband for the benefit of her and her minor children, and was therefore exempt from levy and sale. This claim was returned to the superior court of the county, and the plaintiff in *fi. fa.* tendered issue thereon, and insisted that "the issue raised by said claim was fully adjudicated and passed upon by a court of competent jurisdiction, to wit, the superior court of said county, at the September term, 1889, under an affidavit of illegality filed to the same levy by Asa O'Barr, one of the defendants, . . in which he alleged and undertook to prove that the land levied upon had, on the 16th of November, 1878, been set apart to himself and family as a homestead, and that under the issue made upon said affidavit of illegality, the same was fully investigated and decided adversely to said Asa O'Barr and his family, by a verdict of the jury, and upon said verdict a judgment was entered, which verdict and judgment have never been excepted to or set aside. . . Said adjudication is a complete bar to the present claim; and of this he puts himself upon the country."

In reply to this issue the claimant insisted that she was not bound by said former adjudication, for the rea-

son that the court trying the same had no jurisdiction, and that the claimant's husband could not waive the jurisdiction, and the claimant was not bound by any election of the remedy by him, unless tried by a court having jurisdiction. The trial judge ruled that the claimant was not bound by the former adjudication, because the court rendering the judgment upon the illegality had no jurisdiction to try the same. The case was then submitted to the jury, and under the charge of the court they returned a verdict for the claimant. The plaintiff made a motion for a new trial, on the ground that the judge erred in holding that the claimant was not bound by the former adjudication; which motion was overruled, and the plaintiff excepted.

We think the court was right in refusing to grant a new trial on this ground. The code, §3666, requires that when an execution is levied and illegality filed thereto, the officer shall return the execution, affidavit and bond to "the next term of the court from which the execution issued," and the issue raised by the illegality shall be tried in that court. This execution was issued from a justice's court, and when the illegality was filed by Asa O'Barr, the officer levying the same should have returned it to the justice's court, and it should have been tried in that court.

It was argued, however, that the illegality made an issue respecting the title to land, and that the superior court was the proper court to which it ought to have been returned, because that court had exclusive jurisdiction to try titles to land, and therefore the judgment was not a nullity, but was legal and binding upon the claimant. We do not think this was a suit or issue of which the superior court had exclusive jurisdiction. While the superior court has exclusive jurisdiction to try titles to land, that is, of all suits brought for the purpose of trying title, it does not have exclusive jurisdiction in suits where the title is only incidentally or

collaterally involved. The issue made by the illegality
was not an issue involving the title to the land levied
upon, but was an issue as to whether the land was ex-
empt from levy and sale under the execution. There
was no dispute as to the title of the land. The plain-
tiff asserted in his levy that the title was in the defend-
ant, and the defendant did not deny it, but insisted that
although the title was in him, it was exempt under the
homestead law from levy and sale. The title to the
land, therefore, was not involved, and the illegality
should have been returned to the justice's court from
whence it was issued.

It was also insisted that while it might be true that
the superior court did not have exclusive jurisdiction to
try this case, and that the case might have been re-
turned to the justice's court for trial, the defendants in
*fi. fa.* waived the jurisdiction by appearing in the su-
perior court and participating in the trial there of the
illegality. We have shown that under the code the
execution should have been returned to the justice's
court, that court alone having jurisdiction of the par-
ties and subject-matter of the case. The superior court
had no jurisdiction of the parties or subject-matter, be-
cause there was no law authorizing an officer to return
the case to that court. It had no more jurisdiction of
this case than it would have had of the original case be-
gun in the justice's court by Moore against the defend-
ants upon the contract, if the constable had returned
the summons to the superior court when required by
law to return it to the justice's court. The superior
court in the latter case would have had no jurisdiction
of the parties or the subject-matter of the suit, and if it
had rendered a judgment therein it would have been
void. "Parties, by consent, express or implied, cannot
give jurisdiction to the court as to the person or subject-
matter of the suit. It may, however, be waived, so far

as the rights of the parties are concerned, but not so as to prejudice third persons." Code, §3460. We do not think, therefore, that the participation of one of the defendants on the trial of the illegality in the superior court gave that court jurisdiction, or that his wife, the other defendant in the execution and the present claimant, is estopped from making the question. *Bostwick* v. *Perkins,* 4 *Ga* 48 ; *Yon* v. *Baldwin,* 76 *Ga.* 769.

*Judgment affirmed.*