## WHITE *v.* BLITCH.

112  775
d124  481

1. It is proper to strike paragraphs of an answer designed to set up the defense of recoupment, when they do not, by sufficient and appropriate allegations of fact, show that the damages therein claimed were occasioned by reason of a breach by the plaintiff of the contract sued on.
2. The verdict in the present case was fully warranted, and it does not appear to have been arrived at in any unlawful or improper manner.

Submitted January 29, — Decided February 26, 1901.

Complaint.    Before Judge Evans.    Screven superior court. January 16, 1900.

*White & Boykin,* for plaintiff in error.
*Oliver & Overstreet* and *E. K. Overstreet,* contra.

LUMPKIN, P. J.   This was an action by W. M. Blitch against J. C. White upon a promissory note and a draft for the aggregate amount of $121.16, besides interest.   In his answer the defendant, after alleging that the note and draft were given for an engine, boiler, cotton-gin, and condenser, set up failure of consideration and various other defenses.    Among other things, it was averred that Blitch expressly agreed that he "would put said machinery in thorough repair and make said machinery gin the entire crop of the said J. C. White for the year 1897;" that Blitch had failed to comply with this undertaking on his part, and that in consequence the defendant was "compelled to pay sixteen dollars for having said gin and condenser repaired."   The 8th and 9th paragraphs of the answer were as follows:   "That on September the 1st, 1897, the date on which said Wm. Blitch agreed to have said machinery ready to gin my cotton, I at that time had in my gin-house 18 bales of cotton.   Being delayed on account of said Blitch failing to perform his contract, it was September 25th before I could procure a new engine and boiler and get my cotton ready for market.   18 bales cotton, average weight 450 — 8,100; price of cotton first day of September, 1897, .07 1/4 cents per pound; 25th day of September, 1897, it was. 06 1/4 cents per pound; difference in price being .01 cent per pound, equal $81.00 eighty-one dollars."   "Cotton that rotted on account of said delay 1,350 pounds of said cotton, worth .02 cents per pound ($27.00) twenty-seven dollars.   Cotton lost in weight on account of delay in Blitch's failure to perform

contract 1,000 pounds @ .02 cents per pound $20.00, which said sums of $81.00 & $27.00 and $20.00 which this defendant prays that he be allowed to recoup of said plaintiff as damages for said plaintiff's failure to perform his part of the contract, and he prays judgment against the plaintiff for same, with this I put myself upon the Court and Country." The jury found for the plaintiff $105.00. Thereupon the defendant made a motion for a new trial, which was overruled, and he excepted. The motion assigns error in striking the above-quoted paragraphs of the defendant's answer, and complains that the verdict is contrary to evidence and "is a compromise verdict."

1. There was no error in striking these paragraphs. They are in the motion for a new trial styled "the plea of recoupment." The purpose of so much of the answer as embraced this "plea" was to recoup against the plaintiff's demand damages alleged to have been occasioned to the defendant by reason of the former's failure to comply with "the cross-obligations or independent covenants arising under" the contract which he was seeking to enforce. See Civil Code, § 3756. Even if diminution in the market value of the cotton could be properly considered an element of damage in a case like this, the defendant did not allege facts showing that his loss because of such diminution arose from a breach of the plaintiff's contract. He was, according to the answer, to have the machinery ready on the 1st day of September to gin the cotton; that is, of course, to begin the ginning. The defendant was not able to get his cotton ready for market before September 25th. Cotton was then worth 6 1/4 cents per pound. On the first day of that month it was worth 7 1/4 cents. But when did the decline take place? As to this the answer alleges nothing. Every word of it may be true, and it may at the same time be true that, even if the ginning appliances had all been in perfect and complete order on the first day of September, the defendant would not have been able to market and sell a single bale before the price of cotton declined.

As to the allegations respecting the rotting of a portion of the cotton and decrease in weight, it is certain that these things could not possibly have resulted from any failure on the part of the plaintiff to put the machinery in order. Such consequences, assuming the answer to be true, must in the nature of things have been produced by other causes, and there is no averment that the parties

contracted with reference thereto or had in contemplation damages which might thus be occasioned. This being so, damages of this nature were too remote and speculative to be made the legitimate subject-matter of recoupment. It could not reasonably be said that they were sustained because of the plaintiff's failure to comply with his undertaking. The mere statement of a conclusion that they were thus occasioned does not, in view of the alleged facts negativing its correctness, and with no allegation of facts giving it a foundation in real truth, amount to anything.

2. There was ample evidence to sustain the jury in finding in the plaintiff's favor for the full amount of the note and draft. Instead of so doing, the jury allowed the defendant a credit of $16.00, which, according to his testimony, he was compelled to expend for work which the plaintiff ought to have done. Of this the defendant can not reasonably complain. The plaintiff's whole claim was $121.16. Deducting $16.00 from this would leave $105.16. The verdict was for $105.00. The finding is thus accounted for, save as to the 16 cents. The jury simply allowed the defendant 16 cents too much on this item of damages, and surely this can not give him any just cause for dissatisfaction.

*Judgment affirmed. All concurring, except Cobb, J., absent.*