14604.   GEORGIA LUMBER COMPANY INC. *v.* JOHNSON-
BATTLE LUMBER CO.

The court erred in overruling the demurrer attacking a portion of the plea, upon the ground that the defendant sought therein to set off an item of damage arising ex delicto against a cause of action arising ex contractu.

DECIDED DECEMBER 5, 1923.

Complaint; from Colquitt superior court—Judge W. E. Thomas. May 1, 1923.

*Humphreys & DeLoache,* for plaintiff.
*Dowling & Whelchel,* for defendant.

BLOODWORTH, J.   For the purpose of disposing of this case it is necessary to set out the following facts only: The Georgia Lumber Company sued the Johnson-Battle Lumber Company for the purchase price of a carload of lumber. The defendant filed a plea, a part of which is as follows: "This defendant further shows that the amount sued for by plaintiff in this case represents the purchase price of a car of lumber sold by plaintiff to defendant, to be shipped by plaintiff to the order of this defendant; that after said car of lumber had been delivered to the transportation company, and while same was in transit, the plaintiff, learning that defendant would insist upon payment by plaintiff of amounts herein sued for, undertook to divert said car of lumber, and did hold same for several days at Cape Charles, Va.; that

holding said car was unauthorized and without lawful right or excuse; that expense accumulated while said car was so held, amounting to: demurrage $13.00, team track storage $6.00, and equipment penalty $40.00, making a total expense of $59.00 which was lawfully charged against said car of lumber and which defendant was required to pay." Plaintiff moved to strike this portion of the plea, "upon the ground that defendant therein seeks to set off an item of damage arising ex delicto against a cause of action arising ex contractu." The case proceeded to trial, a verdict was rendered for the defendant, and the plaintiff excepted.

1. Whether that portion of the plea to which the demurrer was filed, as shown in the foregoing statement of facts, be treated as a plea of set-off or of recoupment, the court erred in overruling the demurrer thereto. There is no statute in this State which authorizes a defendant in a suit *at law* to set off, as a matter of *legal* defense to a suit on a contract, damages arising from a tort committed by the plaintiff. If there is an *equitable reason* for allowing a set-off, this special reason must be pleaded and proved. In this case this was not done. In *Swift* v. *Oglesby, 8 Ga. App.* 540 (1) (70 S. E. 97), it was held: "The ordinary rule is that a set-off as to matter arising ex delicto cannot be pleaded in defense to an action arising ex contractu. Where special equitable reasons exist for a variation of this general rule, the special reasons must be pleaded and proved." See also *Geer* v. *Cowart, 5 Ga. App.* 251 (62 S. E. 1054); *Mashburn* v. *Inman, 97 Ga.* 396 (1) (24 S. E. 39); *Green* v. *Combs, 81 Ga.* 210 (6 S. E. 582). As to recoupment, the Civil Code of 1910 provides, in sections 4350, 4352, and 4353, that "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." "Recoupment lies for over-payments by defendant, or payments by fraud, accident, or mistake." "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff, under the same contract, is in good conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases

recover of the plaintiff the amount of such excess.". There is no claim in this case that the plea of recoupment is for over-payments, or payments by fraud, accident, or mistake. If in the case we are considering the damages sought to be recouped arose under the contract sued on, if these damages resulted because the plaintiff had "not complied with the cross-obligations or independent 'covenants arising under the same contract," then .the plea would be good as a plea of recoupment. But such is not this case. When the plaintiff accepted the order for the carload of lumber, what was his obligation under this contract of sale? So far as appears from the record, the contract obligated him to do nothing more than to deliver the lumber to the railroad and have the carrier accept it. When this was done he had fully complied with his obligation to the defendant. Having completed his contract, anything that he did after this was not a part of the contract, did not grow out of it, but was independent of it, and any tort committed by him after the completion of the contract could not be set up in a plea of recoupment to a suit for the purchase price of the lumber. "It is proper to strike paragraphs of an answer designed to set up the defense of recoupment, when they do not, by sufficient and appropriate allegations of fact, show that the damages therein claimed were occasiond by reason of a breach by the plaintiff of the contract sued on." *White* v. *Blitch,* 112 *Ga.* 775 (1) (38 S. E. 80). See *Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469 (2 a), 472 (2) (61 S. E. 926). The error in overruling the demurrer to this portion of the plea rendered the further proceedings nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*