## 15677. MORRIS-BELL CO. *v.* WALL.

On the trial of the issue raised by an affidavit of illegality the question of title to the property levied on is not involved, and neither side can inject this issue into the case.

An affidavit of illegality in which the defendant in execution avers that the property levied on is his property is not subject to dismissal on the ground that his testimony at the trial shows it to be the property of another, and that therefore the court has no jurisdiction of the case.

The court did not err in overruling the motion to dismiss the affidavit of illegality.

DECIDED OCTOBER 7, 1924.

Affidavit of illegality; from city court of Waynesboro—Judge W. H. Davis, April 29, 1924.

*H. C. Hatcher, G. C. Anderson,* for plaintiff.

*E. V. Heath,* for defendant.

BLOODWORTH, J. An execution in favor of Morris-Bell Company against T. H. Wall, indorser, was levied on described property, and Wall filed an affidavit of illegality on various grounds. On the trial the plaintiff in fi. fa. introduced its execution and rested; and the defendant in fi. fa., after testifying in regard to the allegations of his affidavit of illegality (which testimony is merely referred to and not contained in the record), testified as follows: "I do not own the land levied upon nor have any interest thereon. I do not claim title thereto. It belongs to my wife, and she has filed a claim thereto. I conveyed the land to her just before the judgment of Morris-Bell Company was obtained. The property was levied on under the judgment. She filed claim, and later I filed affidavit of illegality." The bill of exceptions states that "all other evidence supporting the affidavit is omitted, because immaterial to the point raised in this bill of exceptions." The plaintiff in fi. fa. moved to dismiss the affidavit of illegality, "upon the ground that the allegations in the affidavit of illegality and the evidence of the defendant T. H. Wall showed that the court did not have jurisdiction to try the same." The motion to dismiss was overruled. To this ruling the plaintiff in fi. fa. excepted.

Counsel for the plaintiff in error contend in their brief that the defendant had no legal right to file an affidavit of illegality, and that the court had no jurisdiction of the same, because the defendant had no title to the property levied upon. While the defendant testified that the property in question belonged to his wife, there

was no allegation to this effect in the affidavit of illegality,—no allegation therein that he did not own the said property. In fact the closing words of the defendant's affidavit are, *"property of this deponent";* and the sheriff's entry of his levy refers to the property levied on as "the property of T. H. Wall." There is nothing in the pleadings which deprived the court of jurisdiction, and the evidence as to the property belonging to defendant's wife is irrelevant and immaterial, because the question of title to the property levied on is not involved. In the case of *Harris* v. *Woodard,* 133 *Ga.* 112 (65 S. E. 650),.the Supreme Court said: "A deed from the executor to one Hollinshead, conveying the land levied on, dated prior to the levy, was introduced by the plaintiff in execution, for the purpose, as disclosed by the argument here, of showing that the executor had no right, after he had thus disposed of the property, to interpose an affidavit of illegality to the levy. This evidence was irrelevant and immaterial. Upon the trial of an illegality case, *the question of title to the property levied on is not involved,* and neither side can inject this issue into the case. ·It was decided in *Zachry* v. *Zachry,* 68 *Ga.* 158, that the defendant in execution could not raise this issue in a ground of his illegality. In *Moore* v. *O'Barr,* 87 *Ga.* 205 (13 S. E. 464), the broader ruling was made, that upon the trial of an illegality case the *title to the property levied on is not involved.* . . Besides, the land was levied on as the property of the defendant in execution, the plaintiff was seeking to subject it as such, and it did not lie in his mouth to deny that the levy had been made upon property of the defendant" (italics ours). That case is parallel in principle to the one now under consideration. The fact that the plaintiff in execution, rather than defendant in execution, introduced the evidence as to title makes no difference, as "neither side can inject this issue into the case." As a matter of fact the evidence as to the conveyance of the land to the defendant's wife, in the case under consideration, was irrelevant, because title was not involved. The land was levied on as the property of the defendant in execution, the plaintiff was seeking to subject it as such, and it does not now lie in the mouth of the plaintiff to deny that the levy was made on the property of the defendant.

·It may be noted that the opinion of the Supreme Court in the *Harris* case, supra, relied upon by defendant in error, and the

opinion in the case of *State* v. *Sallade,* 111 *Ga.* 700 (36 S. E. 922), relied upon by plaintiff in error, were both written for the court by Justice Fish. In the last-named case, in which it was held that the court had no jurisdiction and that the affidavit of illegality should be dismissed, Sallade was the defendant in execution, and he alleged *in his affidavit of illegality* that the "execution was proceeding illegally upon the goods of the Price Company," and "the Price Company gave a forthcoming bond." The Supreme Court said in that case (p. 702) : "Considering the case as made by the execution, the levy, and the affidavit of illegality, copies of which appear in the record, we have a defendant in execution filing an affidavit of illegality upon the ground that the fi. fa. is wrongfully proceeding upon the property of another party." In the case now under consideration there was no such allegation in the affidavit of illegality, but an express statement therein that the fi. fa. was wrongfully proceeding against the "property of this deponent," the defendant in execution.

Under the record as it comes to us and the authorities herein cited, the court did not err in overruling the motion to dismiss the affidavit of illegality.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*