*Augustine Sams, Wallis & Fort,* for plaintiffs.

    *W. W. Dykes, R. L. Maynard,* for defendants.

---

## 15985. SHADRICK *v.* TOMS.

1. On the trial of the issue raised by an affidavit of illegality the question of title to the property levied on is not involved, and neither side can inject this issue into the case.

2. The general rule is that a defendant can not set off an item of damage arising ex delicto against a cause of action arising ex contractu.

3. An answer which is designed to set up the defense of recoupment and which does not, by sufficient and appropriate allegations of fact, show that the damages therein claimed were occasioned by reason of a breach by the plaintiff of the contract sued on, should be stricken.

4. The court properly dismissed the "affidavit of illegality and plea of recoupment" filed in this case.

    DECIDED APRIL 15, 1925.

Lien foreclosure; from Quitman superior court—Judge · Yeomans. September 8, 1924.

Under the provisions of the act approved August 15, 1921 (Ga. L. 1921, p. 114), Toms foreclosed a contract in which title was reserved to certain property to secure a debt. An execution was issued and levied on the property named in the contract; the entry of the sheriff showing that it was levied on as the property of the defendant Shadrick. The defendant filed what he termed his

"affidavit of illegality and plea of recoupment," but which was nothing more than a plea of recoupment. In this plea he sought to recoup damages which he alleged were caused by the plaintiff by forcibly and without his knowledge and consent taking and carrying away a portion of the property which he bought from the plaintiff, and which was a part of the consideration of the contract foreclosed. Upon the trial of the case ·the presiding judge passed the following order: "The demurrer of plaintiff to defendant's plea of illegality coming on to be heard, and counsel for plaintiff making the oral motion to dismiss said plea of illegality, for the reason that the said plea fails to show that said execution was illegally proceeding against property of said defendant, and, the attorney of the defendant, in open court, in his place as such attorney, stating that the property· levied upon was not at the time of levy, nor now, the property of the Pine Lumber Company, and that he has no interest .therein, the said motion is therefore sustained and said plea of illegality is hereby dismissed." Defendant excepted.

*J. E. McDonald*, for plaintiff in error.

BLOODWORTH, J. (After stating the foregoing facts.) In *Morris-Bell Co.* v. *Wall*, 32 *Ga. App.* 774 (124 S. E. 814), the headnotes are as follows: "On the trial of the issue raised by an affidavit of illegality the question of title to the property levied on is not involved, and neither side can inject this issue into the case. An affidavit of illegality in which the defendant in execution avers that the property levied on is his property is not subject to dismissal on the ground that his testimony at the trial shows it to be the property of another, and that therefore the court has no jurisdiction of the case." Under these rulings the court erred in dismissing the affidavit of illegality on the ground stated in the order of the judge which is copied in the foregoing statement of facts. Had the statement in the affidavit of illegality been the same as that in the order dismissing it, then, under the ruling in *State* v. *Sallade*, 111 *Ga.* 700 (36 S. E. 922), the affidavit would have been dismissed on this ground. But in this case, as in the *Morris-Bell* case, supra, the property was levied upon as the property of the defendant, the plaintiff was attempting to subject it as such, and, as was said in that case, "it does not now lie in the mouth of the plaintiff to deny that the levy was made on the property of the defendant."

However, although the court gave a wrong reason for dismissing the affidavit of illegality, the order dismissing it was not erroneous. "A judgment will be affirmed if correct upon any ground, even though an erroneous reason should be assigned." *Standard Gas Products Co.* v. *Vismor,* 31 *Ga. App.* 419 (6) (121 S. E. 854), and cases cited. The plaintiff was foreclosing a contract in which title was reserved to secure a debt, and this was a proceeding ex contractu. The defense is based upon a tort not growing out of the failure of the plaintiff to comply with any of his cross-obligations arising under the contract. In *Georgia Lumber Co.* v. *Johnson-Battle Lumber Co.,* 31 *Ga. App.* 290 (120 S. E. 640), this court held that "The court erred in overruling the demurrer attacking a portion of the plea, upon the ground that the defendant sought therein to set off an item of damage arising ex delicto against a cause of action arising ex contractu." The principle here announced is applicable to this case. The Supreme Court in *While* v. *Blitch,* 112 *Ga.* 775 (38 S. E. 80), held: "It is proper to strike paragraphs of an answer designed to set up the defense of recoupment, when they do not, by sufficient and appropriate allegations of fact, show that the damages therein claimed were occasioned by reason of a breach by the plaintiff of the contract sued on." Under this ruling the plea of recoupment should have been stricken, as it does not show that "the damages therein claimed were occasioned by reason of a breach by the plaintiff of the contract sued on." Moreover, even where a plea of recoupment is allowed on equitable grounds, because the plaintiff is a nonresident or insolvent, the nonresidence or insolvency must be pleaded absolutely and unequivocally. This was not done in this case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*