### 1211. CRAWFORD *v.* THE STATE.

Where the same name appears in different parts of a record, it will, especially in the absence of any indication that there was a dispute as to identity, be held to refer to the same person in each instance.

Accusation of stabbing, from city court of Tifton—Judge Eve. April 16, 1908.

Submitted June 30,—Decided July 8, 1908.

*Smith & Foy,* for plaintiff in error.
*W. J. Wallace, solicitor,* contra.

POWELL, J.  The defendant was accused and convicted of stabbing Sewell Holmes.  The only point in the case deserving any serious attention is the contention presented by the plaintiff in error that it does not appear from the record that the person shown to have been stabbed was the same person mentioned in that connection in the accusation.  The brief of the evidence begins with the statement, "Holmes, sworn for the State, testified as follows;" and the testimony of this witness relates to his being stabbed by the defendant.  The name of no other Holmes appears anywhere in the record.  The brief of the evidence is duly entitled in the cause, and of course relates back to the accusation; so that when the court speaks of Holmes in the brief of evidence, the use of this name can, in all common sense, refer to no other person than the one of the same name previously mentioned in the record.  If any other Holmes had been intended, counsel for the accused, who prepared the brief of evidence, would have been quick to indicate that fact.  Language is but a vehicle for the conveyance of ideas; and the language here used brings us no other idea than that the man testifying was the same man named in the accusation.  As to such points, the application of more of common sense and less of technicality is in accord with later-day notions of the courts.  *Judgment affirmed.*