### 1184.  GEER et al. v. COWART.

HILL, C. J.  1. In this State the statutory right of set-off is confined to demands or claims of a similar nature; and a claim arising ex delicto can not be set off against a claim arising ex contractu.  Civil Code, §§ 4944, 3996; *Ingram* v. *Jordan*, 55 *Ga.* 356; *Smith* v. *Printup*, 59 *Ga.* 610.

2. Except as above limited, the right of set-off, if it exists, is purely an equitable right, cognizable only in a court of equity jurisdiction.. *Hecht* v. *Snook*, 114 *Ga.* 923 (41 S. E. 74).

3. The superior courts of this State have exclusive jurisdiction in equity causes.  Civil Code, § 5842.

4. The city court of Miller county is without equity jurisdiction, and,. therefore, where a suit was brought in that court on a promissory note and the defendants filed a plea of set-off, claiming damages for a tort not in any manner connected with the note, and requiring for its. maintenance affirmative equitable relief, the court was without any jurisdiction to entertain such defense, and the plea was properly stricken.  *Hecht* v. *Snook*, supra.

5. The want of jurisdiction was apparent on the face of the pleadings,. and could be taken advantage of at any time.  Civil Code, § 5046.

6. No error of law appears, and the evidence demanded the verdict.

*Judgment affirmed.*

Complaint, from city court of Miller county—Judge Bush.  February 25, 1908.

Submitted July 14,—Decided November 25, 1908.

*William I. Geer,* for plaintiffs in error.

*Bush & Stapleton,* contra.