### 2452.   SWIFT *v.* OGLESBY & SMITH, for use, etc.

1. The ordinary rule is that a set-off as to matters arising ex delicto can not be pleaded in defense to an action arising ex contractu.   Where special equitable reasons exist for a variation of this general rule, the special reasons must be pleaded and proved.

2. In the second trial of a civil action it is not error for the court to admit proof of the testimony of a witness at the former trial, where it appears that at the time of the second trial the witness is a resident of another State.

3. No reversible error appears as to the charge of the court in relation to the defense growing out of the claim that the contract was an entire one.

4. Sufficient prima facie proof of the correctness of an account is made by the introduction of the testimony of witnesses who swear that they had knowledge of the items, made memoranda of the same, and turned them over to a bookkeeper (though they do not at the trial remember the details of the items), supplemented by the testimony of the bookkeeper that he correctly copied these memoranda into the account (though the bookkeeper had no personal information as to the correctness of the items).

DECIDED JANUARY 24, 1911.

Foreclosure of lien; from city court of Atlanta—Judge Reid. January 25, 1910.

*John L. Hopkins & Sons,* for plaintiff in error.

*George Gordon,* contra.

POWELL, J. Oglesby & Smith, suing for the use of the Mell Plumbing Company, to whom the account had been transferred, brought an action in the city court of Atlanta against Mrs. Swift for the recovery of the price of labor and material furnished for some plumbing work done in a building on Peachtree street, against which a lien was prayed. There was a verdict for the plaintiffs. Mrs. Swift filed a motion for new trial, which was overruled, and to this action of the court, as well as to the action of the court in striking certain allegations in her plea, she brings error.

1. She pleaded, that the contract was an entire one; that Oglesby & Smith had undertaken to do the work for a certain percentage upon the actual cost, guaranteeing that the entire job would not exceed the maximum price of $200. She had paid $150, and the plaintiffs were suing for $232.50. She set up, that the contract had never been completed; that it required a large expenditure on her part (more than $50) to complete it; that the refusal of the plaintiffs to complete it was willful and in bad faith; that she was having the house changed so as to convert it into an apartment house, which was known to the plaintiffs; that the plaintiffs quit the work for the purpose of causing her inconvenience and embarrassment, and of forcing her into paying an excessive price; that the plaintiffs were members of a plumbers' union, and made to the various members of that association false and malicious statements as to the work that was being done in her house, for the purpose of preventing her, and with the result that they did prevent her, from getting any members of that union to complete the work, causing her great trouble and inconvenience, and damage in the sum of $250. The court struck this portion of the plea, and exceptions pendente lite were duly preserved. Leaving out of consideration the objections that were made to the plea from a formal standpoint, that it was too vague and indefinite in its allegations, we still think that the court did not err in striking it. It was an attempt to set off a cause of action purely ex delicto against an action ex contractu; and the cause of action ex delicto did not grow out of the cause of action ex contractu so as to make it a proper basis for a plea of recoupment. There are some cases in which a cause of action ex delicto may be pleaded against a cause of action ex contractu, provided that the court in which the case is pending has such equitable or quasi-equitable jurisdiction as to entertain the set-off as a special

equitable defense. But in every case of this kind there must be some special equitable reason for the violation of the general rule of pleading which prohibits a set-off of tort against a cause of action ex contractu. If the action is in the superior court, which is a court of general equitable jurisdiction, and the special equitable reason for allowing the set-off exists, the defendant may recover against the plaintiff the excess of his demand over the plaintiff's. If the action is in a city court, which can not administer affirmative equitable relief, the set-off can in no event be used further than to defeat a recovery by the plaintiff. *Hecht* v. *Snook,* 114 *Ga.* 921 (41 S. E. 74) ; *Burnett* v. *Davis,* 124 *Ga.* 541 (53 S. E. 927) ; *House* v. *Oliver,* 123 *Ga.* 784. The plea in this case does not allege any special equitable reason why there should be a relaxation of the ordinary rule which forbids such set-offs entirely. Non-residence is in some cases a reason for this equitable interposition; but not even non-residence is alleged in this case, and while it does appear from the evidence that at the time of the trial Mr. Oglesby was living in Alabama, there is no suggestion that the other partner is not a resident of the State. The court, therefore, did not err in striking the plea.

2. There had been a former trial of the case, and Mr. Oglesby of the firm of Oglesby & Smith had been examined as a witness. At the trial under review the plaintiffs were allowed to prove and use his testimony given on the former trial, upon a showing being made that the witness was a resident of the State of Alabama. We find no error in this. Under Section 5186 of the Civil Code of 1895, "the testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony, as to the particular matter about which he testifies." In civil cases the inaccessibility of the witness is usually sufficiently shown by proving that he resides beyond the limits of the State—differing in this respect from where the showing is merely that the witness is temporarily absent from the State. *Adair* v. *Adair,* 39 *Ga.* 75; *Eagle & Phenix Mfg. Co.* v. *Welch,* 61 *Ga.* 444; *Atlanta & Charlotte Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145). The rule requiring a showing as to inaccessibility is

not so strict in civil cases as it is in criminal cases. In criminal cases the code section quoted above must be construed in connection with the constitutional provision that the accused shall be confronted with the witnesses against him. *Pittman* v. *State, 92 Ga.* 480 (17 S. E. 856).

3. Much stress is laid upon the point that the court did not instruct the jury that if they believed the contract to be an entire one, the plaintiffs should not recover, since Oglesby & Smith never fully completed the work. We are inclined to agree with the statement of the trial judge, made in conection with the order overruling the motion for new trial, that the law of entirety of contract, as invoked by the defendant, was not applicable under the facts of the case. Even according to her own testimony, the work that was to be done was not fixed and definite; it involved the renovation of a lot of old plumbing and the putting in of a lot of new, and the amount that was to be done was necessarily dependent upon Mrs. Swift's wishes and directions as the work should proceed; the plaintiffs were simply to go ahead with the work, on the understanding that they were to be paid the actual cost of the work done, plus a percentage of profit; but in no case were they to allow the cost of the work to exceed $200. This last phase of the contract as contended for by Mrs. Swift was fully submitted to the jury, and they found against her contention, thus adopting the theory of the facts that the plaintiffs were to do such work as they were directed to do, charging for it actual cost, plus a stipulated percentage. This being true (that is, taking the finding of the jury that there was no maximum limit, as being the truth), it follows that irrespective of whether the contract, as to its other features, be considered as entire or not, when Mrs. Swift, before the completion of the work and after the amount of it had exceeded $200, insisted that she was to pay not exceeding $200, her position and declaration of attitude toward the contract were such in law as to relieve the plaintiffs from the necessity of going further and completing the work before suing for what had actually been furnished under the contract, as the jury found it to be.

4. Able counsel for the plaintiff in error most strenuously insist that the plaintiffs in the court below never made legal proof of the correctness of their account. We have examined their contention

and have carefully compared it with the brief of the evidence, and are unable to agree with them. They rely upon the case of *Dougan* v. *Dunham,* 115 *Ga.* 1012 (42 S. E. 390). In that case it was held: "The correctness of an account can not be lawfully proved by the testimony of a witness that the same is 'a correct copy of the charges made on the books' kept by her, when the witness further testifies that 'she knew nothing of her own knowledge' with respect to the account, and 'only copied in the book entries given to her by [another] on slips'." In the case at bar the account stands on a very different footing from that in the case just quoted. In the present case, as to the items of labor and material, the workmen who did the labor and who used the material testified in general terms to the doing of the work and the furnishing of the material, stating that they were unable to give the details, but that at the time the work was done and the material was furnished they made correct memoranda of these things and turned them over on slips to the bookkeeper. The bookkeeper, then being introduced as a witness, testified that the account was made up from these slips, and (while he conceded that all bookkeepers make errors) that this account, so far as he knew or had any reason to believe, contained no errors. The original slips were destroyed. If the persons who made up the memoranda contained on the slips from which the bookkeeper made up his entries had not been produced to testify as to the correctness of the slips, the case would have fallen squarely within the ruling contained in the *Dougan* case cited above; but, with this supplementary testimony, the case stands within the ruling made in *Cabaniss* v. *State,* ante, 129 (68 S. E. 49 (16)). There is no merit in the contention that the books themselves were not produced or their absence sufficiently accounted for. In the first place, if the testimony stated above had been secondary in its nature, and it had been necessary for the plaintiffs to show the inaccessibility of the books, we would not, under the showing actually made, overrule the exercise of discretion on the part of the trial judge in the admission of the secondary evidence. However, the rule is that the testimony of the parties who have knowledge of the facts from which the books are made up is in itself primary evidence, and the books are admissible only by way of corroboration, except in those cases where, for special reasons, books of account are by statute admitted as direct and primary evidence. While

it is true that the witnesses, in referring to the "bill" and to the "account," did not in so many words say (so far as the brief of the evidence discloses) that they were talking about the same account as that sued on, still it is hardly reasonable to suppose that they were talking about any other account; and as the judge says, in overruling the motion for new trial, "throughout the trial there was no question but that the evidence of the witnesses was addressed to and applicable to the account sued on." While it is true that there must be proof establishing the identity between the persons, places, things, and transactions testified to by the witnesses and those involved in the pleadings, still this identity is in most cases shown inferentially, rather than directly. If a witness mentions a day without giving the year, it will be referred to the year most obviously intended. *Fountain* v. *Fitzgerald, 2 Ga. App.* 713, 718 (58 S. E. 1129). If a witness mentions the name of a person, it will be referred to the person in the case of that name, rather than to some outsider. *Crawford* v. *State, 4 Ga. App.* 508 (61 S. E. 886). Cf. Civil Code of 1895, § 5178.

Despite the sympathy which we naturally feel for the defendant (for whoever has had to have a job of plumbing done can in a very true sense be said to sympathize with all others who have suffered a similar misfortune), and despite the careful examination we have made of the record, we find no sufficient reason for granting a new trial.                                    *Judgment affirmed.*