5021, 5022.   BIRMINGHAM FERTILIZER COMPANY
v. DOZIER; and *vice versa.*

The evidence authorized the verdict; no material error of law was committed, and the court did not err in refusing to grant a new trial.
DECIDED OCTOBER 31, 1913.

Trover; from city court of Blakely—Judge Sheffield.   June 16, 1913.

*A. H. Gray, Glessner & Park,* for plaintiff.
*Smith & Miller, Byron R. Collins,* for defendant.

RUSSELL, J. The Birmingham Fertilizer Company brought an action in trover to recover from P. N. J. Dozier 29 promissory notes, described in an exhibit attached to the petition, and alleged to be of the value of $850. The defendant in his answer admitted having in his possession at the time of the service of the suit certain promissory notes of the form described in the plaintiff's petition, but not all of them. In other words, the defendant contended that some of the notes described in the plaintiff's petition had been delivered by him to the plaintiff prior to the suit. The defendant

in his answer contended that those notes which were in his possession did not belong to the plaintiff, and, by way of equitable defense, alleged that by virtue of a contract between the parties, the notes included his commissions and charges for the sale and handling of the fertilizers, which gave him such an interest in the notes as entitled him to retain possession of them until the commissions were paid. The defendant further pleaded that under the contract between himself and the fertilizer company, after taking into consideration the payments made by him and the notes delivered by him to the plaintiff at its request, the plaintiff was indebted to him in a sum greater than the amount evidenced by the notes in his possession. The verdict was in favor of the defendant; the plaintiff's motion for new trial was overruled, and exception is taken to that judgment. The defendant, by cross-bill of exceptions, excepts to the judgment striking from his original answer paragraphs 5, 6, and 7, and his prayer "to have his claims against the petitioner offset, and that the plaintiff be mulcted the costs of the court," and excepts also to the court's refusal to allow certain amendments to his answer. Since, in view of the result of this case, the ruling upon the defendant's answer (without regard to its correctness) was harmless, we shall consider only the assignments of error in the main bill of exceptions.

It appears from a review of the record that the verdict was perhaps partly induced by evidence which would have been admissible under the defendant's answer if the court had not sustained the demurrer to the 5th, 6th, and 7th paragraphs, and had allowed the amendments which he sought to make. Under the ruling in *Spence v. State,* 7 *Ga. App.* 825 (68 S. E. 443), if the result reached by the jury would have been the correct conclusion of the case had the judge ruled or charged in accordance with the contentions of one of the parties to the case, the verdict will not be set aside merely because the judge erroneously ruled to the contrary, or omitted to give in charge to the jury a principle which should appropriately have been included within his instructions. In other words, if the result reached would have been the same had the court ruled properly, and if the jury found rightly in spite of judicial error, the finding will not be set aside in order that the same result may be reached by a proceeding free from legal error.

The defendant, in his answer, attempted to set up, in response to

the petition in trover, that he had received on commission $8,576.36 worth of fertilizer; that he had paid over to the Birmingham Fertilizer Company, on account of his sales, $6,650.73, and had returned to it notes amounting to $1,915.63; and that his commission and storage, by virtue of the terms of the contract between himself as agent and the plaintiff as principal, amounted to nearly $600, leaving the plaintiff due him the sum of $542.52. The defendant did not ask a judgment for this $542.52, but merely insisted that inasmuch as the plaintiff owed him $542.52, he was entitled to the possession of the notes still remaining in his hands, and that as the plaintiff was not entitled to possession, it could not recover these papers in trover. The fact that the jury found for the defendant itself evidences that the jury must have acted upon the evidence which the defendant would have introduced in support of his answer if it had been allowed, and that he received full benefit of his contention, although the plea in which this contention should have been formally presented to the court was stricken.

Having held that the defendant got the benefit of his answer and of the stricken amendments as substantially as if the court had overruled the demurrers which were sustained, the question which arises upon the main bill of exceptions is whether the amendments (the evidence in support of which, no doubt, caused the verdict for the defendant) could properly have been allowed, and whether paragraphs 5, 6, and 7 should have been stricken. We think there is no doubt that the court should not have stricken these paragraphs of the answer; and the amendments offered appear to be merely amplification of the statements in the original answer. The insistence of the plaintiff in error in the main bill of exceptions is that the city court of Blakely is without jurisdiction and can not take cognizance of the equitable rights which the defendant sought to assert. That the city court is without jurisdiction to afford equitable relief is true, but it is one thing to invoke affirmative equitable relief and quite another thing to interpose as a defense a right, whether founded in law or equity, which will prevent the plaintiff from recovering. The fact that one's equitable rights will prevent a plaintiff, of whose case as laid the court has jurisdiction, from recovering does not involve the necessity that the court trying the case shall be clothed with equitable jurisdiction. The court may not be able to afford affirmative relief in equity generally, but

it must be presumed to bear in mind the rights of the parties at issue, and for this reason may deal with any matter of which the court has jurisdiction, whether such rights depend for their existence upon law or equity, which may affect the cause in question. For this reason we think the city court of Blakely had full jurisdiction to entertain the defendant's plea, and, if the evidence authorized it, to grant his prayer, which did not ask that judgment be rendered for the overplus claimed by him against the plaintiff, but asked merely that he be not required to deliver up notes which he was legally entitled to hold as collateral security for his commissions, the consequence of which would be that he would be forced to proceed to recover these notes from a non-resident, which the plaintiff corporation was alleged to be.

It was error for the court to overrule the plaintiff's objections to testimony along the line of the paragraphs of the answer which had been stricken and of the amendments which had been disallowed, these rulings upon the pleading being an adjudication that the defendant could not plead in recoupment the commissions accruing to him under the contract; but the ruling in regard to the testimony was error only because violative of the previous ruling to the contrary. And since the defendant, by timely exception pendente lite, preserved his rights, the whole matter is now properly before this court for adjudication, with the result that we must hold that the ruling in regard to the evidence, though in a technical sense error, in effect corrected the antecedent error in striking the paragraphs of the defendant's answer. A review of the evidence discloses that the testimony authorized the jury to find that the defendant contracted with the plaintiff to sell for it guano upon commission, and that, deducting the commissions transmitted by the agent in cash, and the notes which were returned to the plaintiff, the plaintiff was indebted to the defendant, and the defendant was entitled to retain the remaining notes in his possession, as collateral, until payment of his commissions and charges. To recover in trover it is essential that the plaintiff show either title or right of possession; in some cases he must show both. In the latter class of cases, although the plaintiff may show that he has legal title, if it appears that he has by contract surrendered possession to another, who is rightfully entitled to retain possession, he can not recover possession by mere proof of title. Under the testimony in behalf of the defendant the

jury were authorized to find that even if the fertilizer company had title to the notes in question, Dozier was entitled to their possession as collateral, until his commissions and his account for storage were paid.

The plaintiff's case was based upon the theory that the notes were placed in Dozier's hands for collection, and that it was his duty to surrender them upon demand. If the jury had believed the testimony in behalf of the plaintiff, the result would have been a verdict in its favor. On the other hand, if the contention of the defendant, which is sustained by the testimony in his behalf, is credible to the jury,—that the fertilizer was sold by him on commission under a written contract, under which he was to receive $1 per ton as commission on fertilizer of a certain grade sold by him, and that the fertilizer sold was of this grade,—there is a stipulation in the contract that the notes taken for fertilizer shall be payable to the Birmingham Fertilizer Company, and it appears that the notes were so taken. The notes were sent to Dozier by the company for collection, and in the trust receipt given by Dozier it appeared that the notes of Thompson, Keaton, and McDowell, aggregating something over $1,800, had been entered as a credit on the statement of account rendered by the fertilizer company to Dozier. This trust receipt was attached to an amendment offered by the defendant, and was not admitted in evidence by the court, but the defendant testified in substance to the same facts as appear from this receipt in the record; and if the jury credited his testimony on this point, there remained only one other question, and that was whether a stipulation of the contract which imposed personal liability on Dozier in case of his failure to collect any of the several notes was abrogated and Dozier was relieved from liability by the conduct of the plaintiff in undertaking to collect the notes due by Keaton, Thompson, and McDowell. Upon this point the jury evidently gave preference to the testimony in behalf of the defendant, and they had this right.

*Judgment on main bill of exceptions affirmed, cross-bill of exceptions dismissed. Pottle, J., disqualified.*