### 5149. JONES v. GEORGE S. RILEY JR. COMPANY.

1. There was no error in refusing to allow the amendment or in striking the defendant's plea.
2. The city court has no jurisdiction to grant affirmative equitable relief, and therefore has no authority to allow a claim ex delicto to be set off against a claim ex contractu, based upon a valid contract.
3. The written contract excluded any warranty of the health or soundness of the mule sold, and parol testimony could not be admitted to vary the terms thereof.

DECIDED DECEMBER 9, 1913.

Complaint; from city court of Oglethorpe—Judge Greer. June 28, 1913.

*Jule Felton,* for plaintiff.   *F. Chambers & Son,* for defendant.

ROAN, J. George S. Riley Jr. Company, a corporation, brought suit in the city court against W. C. Jones for $110 principal, besides interest and 10 per cent. attorney's fees, on a promissory note, which read as follows:

"$110.00.                          Macon, Ga., April 30, 1912.

"On October 10th after date, I jointly and severally promise to pay Geo. S. Riley Jr. Co., or order, one hundred ten and no/100 dollars, value received, with interest from date at eight per cent. per annum until paid. This note is given for the purchase of the following described personal property, to wit: 1 gray horse mule, 10 or 11 years old; and it is hereby expressly agreed by the parties hereto that the title to said property is not to pass out of said Geo. S. Riley Jr. Co., but is to be and remain in said Geo. S. Riley Jr. Co., or order, until this note is fully paid. And the subscriber hereby agrees to pay the within obligation although the property should die or become damaged or destroyed, whether by accident or otherwise. If this note is not paid at maturity and is placed in an attorney's hands for collection, the subscriber agrees, as a part or parcel of this note, to pay ten per centum on the amount of this note, principal and interest, as liquidated damages, and that said amount shall be due and collectible as a part of this agreement. It is expressly understood that the said George S. Riley Jr. Co. does not guarantee the health or soundness of the within described property. To secure this note, all rights of homestead in realty and exemption of personalty, under the constitution and laws of this State, are expressly waived as against the same. Witness my hand and seal. W. C. Jones. (L. S.)"

Before the filing of the suit the plaintiff, through its attorney at law, gave the defendant ten days written notice, as required by law, of its intention to sue and claim attorney's fees. The defendant filed an answer, admitting the execution of the note, but denying the indebtedness; and he asked for a judgment for $500 against the plaintiff by way of recoupment. In this plea and answer he set up that the mule, for the purchase-price of which the note sued on was given, was bought for the purpose of being used on his farm as a plow-mule, and that this purpose was known to the plaintiff; that the mule was represented by the plaintiff to be all right in every particular, and free from disease, and at the time of the purchase there was nothing apparently wrong with the mule

that could be detected by the defendant; that the defendant sent for the mule the following day, and it then developed that the mule had pink-eye or swamp fever, an incurable and very contagious disease, which caused his death within a few hours "after receipt of same;" that at the time when the defendant purchased the mule in question, this mule and the other mules owned by the plaintiff had among them this contagious disease, which was known to the plaintiff, and this disease was transmitted through this mule to the other mules on the defendant's farm, causing the death of one mule of the value of $250, and the sickness and incapacity to work of two other mules, one for four weeks and one for six weeks, depriving the defendant of the labor of each, amounting in value to $2 per day, and that the two living mules were incurably affected by said disease. To this plea the plaintiff demurred, on the grounds, (1) that the plea does not set up any legal defense; (2) that it does not set out any facts which constitute fraud, accident, or mistake in the execution of the note; (3) that the plea seeks to contradict by parol testimony the terms and conditions of the note, in that the note stipulates that it is expressly understood that George S. Riley Jr. Company does not guarantee the health or soundness of the mule; that the plea does not allege any facts which constitute fraud on the part of the plaintiff in the execution of the note by defendant which contains the foregoing stipulations; (4) that it does not set out the name of the agent or officer who made the alleged false representations; the plaintiff being a corporation, and acting only through its officers or agents.

When the case was announced ready for trial the defendant tendered the following amendment to his plea: "Now comes the defendant and by leave of the court amends his plea by adding to the end of the first paragraph the following: The plaintiff, through George S. Riley Jr., procured the defendant to sign the note in question by the false and fraudulent statement that at the time the note in question was made, the said mule was then in sound and healthy condition and free from any disease and infirmity; when, as a matter of fact, it was then suffering from the disease mentioned, known to George S. Riley Jr. and the said plaintiff, and unknown to the defendant. Said representations were falsely and fraudulently made, were known to plaintiff, were believed to be true and relied on by the defendant. . . That the plaintiff is in-

solvent and unable to respond in damages to defendant, and that in order to protect himself, it is necessary to assert all the contentions made in his plea in this case and court." Objection to this amendment was made by plaintiff's counsel on the ground that the written contract expressly excluded warranty of the health of the mule. The court disallowed the amendment and sustained the demurrer, and entered judgment against the defendant for the amount sued for; and the defendant excepted and brought the case to this court for review.

1. We find no error in the action of the court in refusing to allow the proposed amendment and in striking the plea. Parol evidence will not be received to vary, modify, or change the terms of a written contract, where it shows on its face that it is definite, complete, and unambiguous. Section 4135 of the Civil Code is in this language: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants—1. That he has a valid title and right to sell. 2. That the article sold is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." This implied warranty, however, can never be relied upon by a purchaser if the seller expressly limits the obligation as to warranty and the purchaser accepts the property with such a limitation. By the terms of this note it was expressly agreed that the maker of the note would pay it "although the property should die or become damaged or destroyed, whether by accident or otherwise." It is also expressly stated in the note that George S. Riley Jr. Company does not guarantee the health or soundness of the mule sold. These express stipulations in the note clearly negative the right of the defendant to set up or show anything to change or modify these plain terms. *Pryor* v. *Ludden*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267).

2. There is no sufficient averment of fraud in defendant's pleadings to allow him to dispute by parol evidence the terms of the written instrument sued on. See *Floyd* v. *Woods*, 110 *Ga.* 850 (36 S. E. 225); *Case Threshing Machine Co.* v. *Broach*, 137 *Ga.* 602 (73 S. E. 1063); *McNeel* v. *Smith*, 106 *Ga.* 215 (32 S. E. 119); *Branch* v. *James*, 4 *Ga. App.* 90 (60 S. E. 1027).

3. As the right of the defendant to set off damages on account

of the transmission of the disease from the mule purchased from the plaintiff to other mules on the defendant's farm (alleging the plaintiff's insolvency as a reason why the alleged damages, which arose ex delicto, could be pleaded against an action ex contractu) is a purely equitable right if it exists, in the enforcement of which is involved the granting of affirmative relief, the same can not be recognized in the city court, in which jurisdiction to grant affirmative relief does not exist. The court therefore committed no error in striking the defendant's plea and entering up judgment on the note. See *Hecht* v. *Snook,* 114 Ga. 921 (41 S. E. 74); *Geer* v. *Cowart,* 5 Ga. App. 251 (62 S. E. 1054); *Swift* v. *Oglesby,* 8 Ga. App. 540 (70 S. E. 97); *Howe* v. *Bernheim Distilling Co.,* 8 Ga. App. 771 (70. S. E. 176).　　　　　　　　　*Judgment affirmed.*