26124. GORMLEY, superintendent of banks, for use, etc., *v.* CHANCE.

DECIDED MAY 26, 1937.

*H. Cliff Hatcher,* for plaintiff. *E. M. Price,* for defendant.

SUTTON, J. This was a suit in a city court, on a note by R. E. Gormley, superintendent of banks, for the use of the Citizens Bank

of Waynesboro, against W. O. Chance as maker, and Guy Chance as indorser or surety. Guy Chance filed an answer denying that he was liable for attorney's fees, and among other allegations he set up, "that a few weeks before the said bank was placed in the hands of the State superintendent of banks, defendant and others undertook to establish or form an agricultural credit or finance company; that defendant paid to R. C. Neely, the treasurer of the group attempting to form the finance company, the amount of $40; that said $40, together with similar amounts paid in to him by others, was deposited in said bank by said Neely as local treasurer of the group for the use and benefit of defendant and such others who had paid in said sums, and defendant's interest in said deposit amounted to $40; that the group failed to organize and establish the finance company; that a few days before the said bank and its assets were placed in hands of State superintendent of banks said Neely, who was also an officer of said bank, caused said bank to issue to himself, as treasurer of such group, its check No. 275 for $410, which included defendant's interest of $40; that said check was never cashed; that after the said bank and its assets were placed in hands of State superintendent of banks said Neely filed a claim with said superintendent for payment of said claim, which was allowed and assigned to 4th or 5th class or rank for payment in the distribution of assets of said bank, which was objected to by defendant; that again on October 17th, 1931, defendant objected to the approval and allowance of said claim to be paid to said Neely as treasurer, said objections being made in writing to said superintendent of banks, and at same time requested said superintendent of banks and the liquidating agent to credit the interest of $40, which defendant had in said claim, on the note sued on, whereupon said superintendent of banks failed and refused to credit said $40 on said note; . . that this defendant is entitled to have said $40 credited on said note; that defendant has tendered to plaintiff and said bank's liquidating agent the full amount of principal and interest due on said note, less said $40, as full settlement of the indebtedness of defendant." The case proceeded to trial, and the plaintiff made out a prima facie case. The defendant testified to the facts set out in his plea, and further testified that the Citizens Bank of Waynesboro was insolvent. It was admitted that R. C. Neely was president of the Citizens Bank

of Waynesboro before it failed, and that he was elected treasurer of a group seeking to organize an agricultural credit finance company, and that as treasurer of said group he had received $40 from Guy Chance, which, together with other amounts contributed by others, amounted to $410, which he as treasurer of said group deposited in the Citizens Bank of Waynesboro in his name as treasurer; that while he filed the claim for the $410 which included the $40 belonging to the defendant, Guy Chance, that neither he, R. C. Neely, nor any one else claimed any portion of the $40 belonging to the defendant, Guy Chance; and that he had no objection to the $40 credit, as claimed by defendant, Guy Chance, being credited on the note which Chance owed the bank. The jury returned a verdict in favor of the plaintiff for the principal amount of the note, less the $40 claimed as a set-off by the defendant. The plaintiff made a motion for new trial, and the exception is to the judgment overruling the motion.

Was the defendant entitled to have the $40 set-off against the note sued on; and, if so, could this be done in the city court under the facts of this case? These are the controlling questions here to be determined. "Set-off is a defense which goes not to the justice of the plaintiff's demand, but sets up a demand against the plaintiff to counterbalance his in whole or in part." Code, § 20-1301. "Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." § 20-1302. "Set-off must be between the same parties and in their own right. If originally otherwise, but at the commencement of suit equitably within this rule, they may be set off. Thus, a claim against a partnership may be set off against a surviving partner in a suit brought in his own right; and a debt due to a principal may be set off in a suit against principal and surety." § 20-1303. It appears without contradiction, that a few weeks before the bank closed, this defendant and others undertook to form an agricultural credit finance company, and paid to R. C. Neely, treasurer of such company or group, $410, of which sum Guy Chance paid $40, and the entire amount was deposited in the bank by Neely to his credit as such treasurer; that within a few days before the bank closed Mr. Neely, who was president of the bank, had it to issue to him, as treasurer of such group or company, a check for $410, which included the $40 paid by Guy

Chance; that after the bank was closed and taken over by the superintendent of banks Mr. Neely filed a claim with him for the $410, which was allowed over the objection of the defendant Chance, who was contending that $40 of this sum belonged to him, and that he was entitled to have this amount credited on the $265 noted sued on. When this defendant turned over his $40 to Mr. Neely, as treasurer of the group, it became merged with the money paid in by the others, and Neely was given the right, as treasurer, to control it. He deposited it in the bank to his credit, as treasurer, and as such treasurer he held a check for it from the bank when the bank closed. The relation of debtor and creditor existed between the bank and R. C. Neely, as treasurer of this group. But, under the facts of this case, this defendant had an equitable interest in this fund to the amount of $40. This money was in the bank, and he was indebted to the bank on the note sued on. There is no such mutuality between these two claims as would authorize the one to be set off against the other, as a matter of right under the law. But the defendant testified that the bank was insolvent. The fact of insolvency, coupled with his equitable interest in the fund to the amount of $40, gave him the right of an equitable set-off therefor. "The right to set off one legal demand against another, other than in cases covered by our statute, is itself an equitable right, which is not and has never been recognized by a court of law in this State, except in obedience to a statute; and therefore it can be asserted only in a court having jurisdiction in equity matters. The right of a court of equity in this State to take jurisdiction to enforce a set-off extends to cases where there is an intervening equity not reached by the law, or where the set-off is of an equitable nature. See Civil Code, § 3996 [Code of 1933, § 37-308]. Insolvency has been recognized as a distinct equitable ground of set-off." *Hecht* v. *Snook & Austin Co.*, 114 *Ga.* 921, 924 (41 S. E. 74). It was also said in that case: "Equitable pleas purely defensive in their nature, which call for no affirmative relief, but simply defeat the plaintiff's cause of action, have been allowed in city courts, and it may be in county courts and justices' courts. But no other court than the superior courts has ever been allowed to take jurisdiction of an equitable plea which for its maintenance depended upon the granting of affirmative equitable relief or affirmative legal relief in enforcement

of an equitable right, or the exercise of the greater powers of the court of chancery, such as injunction, receiver, reformation, cancellation, and the like." Also, that a city court "has no jurisdiction whatever to entertain a plea setting up an equitable set-off or an equitable right of set-off, for the simple reason that to entertain such a plea it is necessary for the court not only to recognize an equitable right but to give affirmative relief as a result of such recognition." See also *Burnell* v. *Davis*, 124 *Ga.* 541, 544 (52 S. E. 927); *Arnold* v. *Carter*, 125 *Ga.* 319, 325 (54 S. E. 177); *Welch* v. *Williford*, 177 *Ga.* 837, 839 (171 S. E. 768); *Edenfield* v. *Rountree*, 33 *Ga. App.* 444, 448 (3) (126 S. E. 731). So we are of the opinion that the defendant, Guy Chance, had the right of equitable set-off to the amount of the $40 by him claimed, but that this right could not be enforced in the city court as a defense to the present suit. The superior court alone has jurisdiction of such set-off. Therefore the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*