31786. SASSER *v.* SERVICE MOTOR SALES INC.

DECIDED JANUARY 27, 1948. REHEARING DENIED MARCH 18, 1948.

*Edward T. Hughes,* for plaintiff in error.

*Frank S. Twitty, Bennet, Peacock & Perry,* contra.

MACINTYRE, P. J. 1. Service Motor Sales Inc. brought an action in trover in the City Court of Camilla against Mrs. T. J. Sasser to recover possession of a 1941 Ford automobile. The defendant executed a replevy bond and retained possession of the automobile. The defendant also filed an answer, in which she denied that she was holding the automobile without right of possession, admitted that she had refused to surrender to the plaintiff the possession of the automobile or to pay to the plaintiff any profits thereof, and alleged that she had the right of possession and was entitled to retain possession because of a contract, en-

tered into with the plaintiff for the purchase of a Kaiser or Frazier automobile, which provided that the defendant retain possession of the Ford automobile until and unless the Kaiser or Frazier was delivered to her in accordance with the contract. She further alleged that she delivered to the plaintiff one 1942 Hudson two-door sedan, for which she was to receive a credit of $700 upon the purchase-price of the new car to be delivered to her under such contract.

To the defendant's answer the plaintiff filed general and special demurrers, which were sustained on each and every ground. The defendant excepted pendente lite.

The case proceeded to trial; the sole issue presented to the jury was the value of the automobile sought to be recovered, the plaintiff having elected to take a money verdict. The jury returned a verdict in favor of the plaintiff for $1235. The defendant filed a motion for new trial based on the general and five special grounds. This motion was overruled, and the defendant excepted.

The plaintiff insists that the court did not err in sustaining its demurrers to the answer, because the answer was based upon a contract and the trover action in behalf of the plaintiff was based upon a tort, and because the defendant failed to allege that the plaintiff was either insolvent or a nonresident.

The defendant contends that the court erred in sustaining the demurrers, because her answer sets forth an equitable plea purely defensive in nature.

This case belongs to that class of cases where, although the plaintiff may show that he has legal title, if it appears that he has by contract surrendered possession to another, who is rightfully entitled to retain possession, he can not recover possession by mere proof of title.

"That the city court is without jurisdiction to afford equitable relief is true, but it is one thing to invoke affirmative equitable relief and quite another thing to interpose as a defense a right, whether founded in law or equity, which will prevent the plaintiff from recovering. The fact that one's equitable rights will prevent a plaintiff, of whose case as laid the court has jurisdiction, from recovering does not involve the necessity that the court trying the case shall be clothed with equitable jurisdiction.

The court may not be able to afford affirmative relief in equity generally, but it must be presumed to bear in mind the rights of the parties at issue, and for this reason may deal with any matter of which the court has jurisdiction, whether such rights depend for their existence upon law or equity, which may affect the cause in question." *Birmingham Fertilizer Co.* v. *Dozier,* 13 *Ga. App.* 759, 761 (79 S. E. 927).

"It has been held that a [city] court which has not and can not under the Constitution have any jurisdiction in equity cases may, nevertheless, recognize and apply equity principles to such an extent as to permit equitable pleas to be filed, which, if sustained, would have the effect of defeating altogether the plaintiff's legal cause of action." *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921, 927 (41 S. E. 74). See *Jesse French Piano & Organ Co.* v. *Cardwell,* 114 *Ga.* 340 (40 S. E. 292).

The plaintiff brought a trover suit, an action in tort, to recover possession of an automobile, the title to which he claims, and the tort or breach of duty alleged is that the defendant refuses to deliver him the possession thereof. The defendant in his answer sets up that he is not guilty of any breach of duty or tort in refusing to deliver the car to the plaintiff, in that the plaintiff by contract surrendered the possession to the defendant, and that the defendant has not breached any of his obligations under such contract and is rightfully entitled to retain possession. The answer set up a state of facts which showed that the defendant was in lawful possession of the property and that his possession could not be interfered with except upon the plaintiff's compliance with the conditions of the contract which the plaintiff had made. *Jesse French Piano & Organ Co.* v. *Cardwell,* supra.

Applying the above-stated rules of law, we think that the court erred in sustaining the general demurrer to the answer.

The cases cited in the brief of the defendant are clearly distinguishable by their particular facts from the instant case.

2. It not appearing that the plaintiff in error had refused to amend her answer in matter of form in accordance with any ruling of the court so requiring, and the answer being good as against the general demurrer, the judgment of dismissal was erroneous. Whether the answer will set forth a defense to the plaintiff's action in trover after being amended to meet the spe-

cial demurrers must be left for further action in the trial court. *Donnelly Company* v. *Milligan*, 37 *Ga. App.* 530 (140 S. E. 918); *Moseley* v. *Equitable Life Assur. Society*, 49 *Ga. App.* 424 (3) (176 S. E. 87).

After the ruling of the trial court on the demurrers to the answer, all proceedings were nugatory.

*Judgment reversed.   Gardner and Townsend, JJ., concur.*