39316.   KENNEDY v. SCHULTZ.

Decided February 27, 1962—Rehearing denied
March 12, 1962.

*Heyman, Abram, Young, Hicks & Maloof, Joseph Lefkoff,* for plaintiff in error.

*George Carroll,* contra.

JORDAN, Judge. In a suit by an individual on an unpaid note executed by the defendant and payable to the individual plaintiff, the defendant debtor cannot set off a claim due the defendant by a partnership of which the plaintiff is a member in the absence of special circumstances which would authorize an equitable set-off. *West v. Kendrick,* 46 Ga. 526; *Metcalf v. Peoples Grocery Co.,* 24 Ga. App. 663 (1a) (101 SE 768). While it was alleged in the defendant's plea and answer that the plaintiff and the partnership were indebted to him in the amount of the set-off, the employment contract which was attached as an exhibit to the defendant's pleadings, and which was the basis of the alleged claim, disclosed that the alleged set-off was the obligation of the partnership and not of the plaintiff individually. Accordingly, since allegations in pleadings must yield to contradictory facts shown in the exhibits attached thereto (*Harris v. Ackerman,* 88 Ga. App. 128, 76 SE2d 132), it affirmatively appears from the pleadings that the defendant was attempting to plead a debt due him by a partnership as a set-off against a debt owed to the plaintiff individually.

Whether or not the allegations of the defendant's plea and answer were sufficient to show the existence of such a "special equitable circumstance" as would take the case out of the general rule and authorize an equitable set-off, is immaterial to the de-

termination of this case. The Civil Court of Fulton County would have no jurisdiction to entertain a plea setting up an equitable set-off or an equitable right of set-off for the reason that, to entertain such a plea, it is necessary for the court not only to recognize an equitable right but to give affirmative equitable relief as a result of such recognition. *Gormley v. Chance*, 55 Ga. App. 838 (191 SE 701); *Hecht v. Snook & Austin Co.*, 114 Ga. 921 (41 SE 74); *Fuller v. Coker*, 24 Ga. App. 418 (101 SE 1); *Georgia Machinery Co. v. Auburn Machine Works*, 103 Ga. App. 574 (120 SE2d 28).

The trial court therefore erred in overruling the general demurrer to the defendant's plea and answer since the claim asserted therein, irrespective of the question of its merits, could not be set off against the plaintiff in the present action. Such error rendered the subsequent proceedings in the case nugatory.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*