46098. AUTRY et al. v. PALMOUR et al.
46099. PACIFIC INDEMNITY COMPANY v. AUTRY et al.

PANNELL, Judge. Pacific Indemnity Company, a California corporation and surety on a payment bond of John R. Chambers and Norman B. Green, d/b/a C & G Grading Company, a general contractor for a special works project of the City of Covington, Georgia, had an action brought against it in the Civil Court of Fulton County for sums allegedly owed plaintiffs, C. Leon Autry and H. C. Autry, d/b/a Autry's Welding Service, for materials furnished as a subcontractor. The defendant surety filed its answer and filed its counterclaims numbers 1, 2 and 3, alleging the general contractor principal had filed a petition in bankruptcy in the United States District Court. Counterclaim 1 claims damages for sums expended by the general contractor in order to complete the work of plaintiffs after they had abandoned their contract with the general contractor on the Covington project. Counterclaim 2 sought recovery for sums paid the plaintiffs by the general contractor for work on another project not related to the Covington project or contract, which work was not performed by plaintiffs; and for recovery of a payment made for work which was not performed on this same non-related project; for the purchase price of certain pipe which the general contractor obtained for plaintiffs and for which the

general contractor had never been reimbursed; and for a loan made to plaintiffs by the general contractor which had never been repaid; and a sum for the value of two tires owned by the general contractor alleged to have been tortiously converted by the plaintiffs; and for amounts expended by the general contractor to complete another job or project, separate from the Covington project, which plaintiffs had contracted to finish but failed to do. Counterclaim 3 sought recovery for amounts owed to the general contractor pursuant to a rental agreement whereby the general contractor rented to plaintiffs a new boring rig.

A motion to strike and dismiss the counterclaims of the surety was filed by the plaintiffs. Thereafter, James E. Palmour, III, trustee in bankruptcy for the general contractor, filed a motion for leave to intervene as a defendant and assert as counterclaims against the plaintiffs the matters sought to be asserted by the surety in its counterclaims against the plaintiffs. The court permitted the intervention of the trustee in bankruptcy and struck the counterclaims of the defendant surety and overruled plaintiffs' motion to dismiss the counterclaims filed by the trustee. The defendant surety and the plaintiffs filed separate appeals, the plaintiffs (case number 46098) from the ruling permitting the trustee to intervene and the defendant surety (case number 46099) from the ruling striking its counterclaims.

In the plaintiffs' appeal in case number 46098, error is enumerated on the action of the court permitting the trustee to intervene and on the action of the court in overruling plaintiffs' motion to strike the counterclaims of the trustee. The enumerations of error by the surety in case number 46099 complain of the granting of plaintiffs' motion to strike and dismiss the counterclaims of the surety. *Held:*

1. It is practically conceded by the parties that the surety, in its counterclaims, is relying upon its right to an *equitable setoff* because of the insolvency and bankruptcy of its principal. (See in this connection United States v. Morley Constr. Co., 98 F2d 781; Atlantic C. L. R. Co. v. U. S. Fidel. &c. Co., 52 FSupp. 177,

187; *Gormley v. Chance,* 55 Ga. App. 838 (191 SE 701); *Stephens v. Blackwell,* 24 Ga. App. 798 (102 SE 452); *Woolfolk v. I. C. Plant & Son,* 46 Ga. 422 (1); *Code* § 37-308). The Civil Court of Fulton County has no jurisdiction to grant affirmative equitable relief, although it may entertain jurisdiction of an equitable plea purely defensive in its nature (*House v. Oliver,* 123 Ga. 784 (1) (51 SE 722); *Hanesley v. Nat. Park Bank,* 147 Ga. 96 (1) (92 SE 879); *Geer v. Cowart,* 5 Ga. App. 251 (1-4) (62 SE 1054); *Swift v. Oglesby & Smith,* 8 Ga. App. 540, 542 (70 SE 97); *Birmingham Fertilizer Co. v. Dozier,* 13 Ga. App. 759, 761 (79 SE 927); *Davis & Co. v. Preston,* 12 Ga. App. 65 (2), 68 (76 SE 766)), and "such a court has jurisdiction even of an equitable plea, which is purely defensive, 'and which, if sustained, would result simply in a verdict finding generally in favor of the defendant, or reducing the amount of plaintiff's recovery, when such reduction is not brought about by the exercise of any of the extraordinary powers of a court of equity, such as cancellation, reformation, *equitable setoff,* and the like.' *Burnett v. Davis,* 124 Ga. 541, 544 (52 SE 927); *Hecht v. Snook & Austin Co.,* 114 Ga. 921 (41 SE 74)." (Emphasis supplied). *Edenfield v. Rountree,* 33 Ga. App. 444, 448 (126 SE 731). That insolvency is a ground of equitable setoff is not disputed. See in this connection *Gormley v. Chance,* 55 Ga. App. 838, supra. And that only courts of equity can have jurisdiction to grant equitable setoffs, unless otherwise authorized by statute, cannot be disputed. See *Hecht v. Snook & Austin Co.,* 114 Ga. 921 (2), supra; *Gormley v. Chance,* 55 Ga. App. 838 (4), supra. That under substantially identical rules of practice and procedure the Federal district courts may have authorized such setoffs is not authority to the contrary, for the reason that all Federal district courts are courts of equity, whereas our civil practice rules, similar to the Federal civil practice rules, are applicable to all courts of record, all of which, other than our superior courts, have no equitable jurisdiction. Article VI, Section IV, Paragraph I of the Constitution of the State of Georgia; *Code Ann.* § 2-3901. As was said by the Supreme Court of this State in *Hecht v. Snook & Austin Co.,* 114 Ga. 921, 928, supra, the Civil Court of Fulton County "is not a court of equity. It has

no jurisdiction of a suit based upon an equitable cause of action. It can take jurisdiction in cases of equitable pleas only where the effect of such pleas is to defeat the plaintiffs' causes of action. It cannot accord to the defendant affirmative relief, legal or equitable, based entirely upon an equitable right. It has jurisdiction in matters of setoff only in cases where the statute of this State expressly authorizes such courts to take jurisdiction in matters of that kind. *It has no jurisdiction whatever to entertain a plea setting up an equitable setoff or an equitable right of setoff, for the simple reason that to entertain such a plea it is necessary for the court not only to recognize an equitable right but to give affirmative relief as a result of such recognition.*" (Emphasis supplied). See also *Kennedy v. Schultz,* 105 Ga. App. 522 (125 SE2d 87), involving the Civil Court of Fulton County. To grant relief in the present case not only must the equitable right of setoff because of insolvency be recognized but the equitable right of the surety to either equitable subrogation or an equitable lien must also be recognized. This only a court of equity can do. We find nothing in the present Civil Practice Act (Ga. L. 1966, p. 609) and particularly Section 13 thereof (*Code Ann.* § 81A-113) which authorizes a court of law to entertain such a setoff as that pleaded here by the surety, in the absence of recognition and enforcement of equitable rights.

2. We cannot say, under the circumstances disclosed by the pleadings as amended, that the trial judge abused his discretion in allowing the trustee to intervene. See Foster Wheeler Corp. v. American Surety Co., 25 FSupp. 700; Section 24 (b) (2) of the Civil Practice Act (Ga. L. 1966, pp. 609, 633) as amended by Section 12 of the Act of 1967 (Ga. L. 1967, pp. 226, 232; *Code Ann.* § 81A-124 (b) (2)). Nothing ruled in *Ryder Truck Rental, Inc. v. Mayo,* 120 Ga. App. 495 (171 SE2d 542) requires a different conclusion. Whether or not the trustee would be entitled to intervention as a matter of right under Section 24 (a) (2) of the Civil Practice Act (*Code Ann.* § 81A-124 (a) (2)) we do not decide.

3. Nor did the trial court err in refusing to strike the counterclaims interposed by the trustee. Foster Wheeler Corp. v. American Surety Co., 25 FSupp. 700, supra; Dickinson

v. Burnham, 197 F2d 973, 980; Switzer Bros. v. Locklin, 207 F2d 483; United States v. Fidelity &c. Co. of Md., 22 FRD 248.

*Judgments affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED APRIL 5, 1971—DECIDED SEPTEMBER 9, 1971.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard,* for Autry.

*Smith & Smith, Douglas E. Smith,* for Palmour.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat,* for Pacific Indemnity.