## 56255. MASON v. AUSTIN et al.

BANKE, Judge.

The appellee sued the appellant in the State Court of DeKalb County to collect rent allegedly owed under a lease agreement. The appellant answered that there was no lease and that even if there were, any indebtedness which might exist under it was a corporate obligation for which he was not personally responsible.

Following a nonjury trial, the court concluded that

"there was some type of contract between the plaintiff and defendant. This contract consists of a lease on a building." He found the appellant liable for $1,800 under the lease and entered judgment against him in that amount. The court further found that "[t]he evidence in this case did not show that any corporation existed." *Held:*

1. It is clear from the appellee's testimony that the lease was for eight months and that it was in writing. Although the appellant urges that the judgment against him is defective because the trial court failed to include in its order an express finding of fact to this effect, he cites us no reason or authority to support this contention, and we know of none. This enumeration of error is without merit.

2. It was not error to admit parol evidence of the lease in the absence of a timely objection. See e.g., *Wynes v. State,* 182 Ga. 434 (1) (185 SE 711) (1936).

3. The trial court did not err in rejecting the appellant's defense that the lease constituted a corporate rather than an individual obligation. The appellee testified that he entered into the contract with the appellant personally. The appellant testified that he never signed the lease at all. The trial court, sitting as the trier of fact, was authorized to resolve the dispute in favor of the appellee.

4. The appellant's contention that the trial court exceeded its jurisdiction by granting equitable relief is without merit. The only relief sought or granted was a money judgment. See generally *Sasser v. Service Motor Sales,Inc.,* 76 Ga. App. 609, 610-611 (46 SE2d 628) (1948).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED SEPTEMBER 28, 1978.

*Wilson & Colson, G. Wallace Colson, Charles T. Autry,* for appellant.

*Joseph E. Wilkerson,* for appellees.